STATE OF MAINE
CUMBERLAND, ss.

SUPERIOR COURT
CIVIL ACTION
Docket No. CV-07-3
TDW-CUM- 10/2/2007

FRANK STEPNICK, et al.,

Plaintiffs,

v.

PATRIOT MUTUAL INSURANCE
CO., et al.,

Defendants.

ORDER

Before the court is defendant Patriot Mutual Insurance Co.'s motion for summary judgment.

Summary judgment should be granted if there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. In considering a motion for summary judgment, the court is required to consider only the portions of the record referred to and the material facts set forth in the parties' Rule 56(h) statements. E.g., Johnson v. McNeil, 2002 ME 99, ¶ 8, 800 A.2d 702, 704. The facts must be considered in the light most favorable to the non-moving party. Id. Thus, for purposes of summary judgment, any factual disputes must be resolved against the movant. Nevertheless, when the facts offered by a party in opposition to summary judgment would not, if offered at trial, be sufficient to withstand a motion for judgment as a matter of law, summary judgment should be granted. Rodrigue v. Rodrigue, 1997 ME 99 ¶ 8, 694 A.2d 924, 926.

As a preliminary matter, plaintiffs did not file any opposing statement of material facts to the statement of material facts submitted by Patriot. Plaintiffs did, however, submit an affidavit attaching a letter from a Patriot adjuster. Plaintiffs also

made an argument in their memorandum to the effect that it was unclear why Patriot had chosen to use certain policy language. This elicited a reply statement of material facts from Patriot (even though no opposing statement of material facts had been submitted), along with affidavits from the adjuster involved and from a Patriot vice president stating that the relevant language had not been drafted by Patriot but came from copyrighted forms used throughout the industry. This in turn elicited a motion from plaintiffs to strike the new material in Patriot's reply statement.

In the court's view, because plaintiffs did not submit an opposing statement of material facts, the statements in Patriot's initial statement of material facts are admitted for purposes of this motion. In the absence of an opposing statement of material facts setting forth what facts (if any) are disputed, the court will not consider the adjuster's letter proffered by plaintiffs.[1] At the same time, because no opposing statement of material facts was submitted, the court will disregard the reply statement of material facts submitted by Patriot. The court agrees with the general principle that a party moving for summary judgment cannot support its motion with new material submitted for the first time with its reply papers. However, because motions to strike are not permitted in this context, see Rule 56(i), the court will not grant plaintiffs' motion to strike.[2]

Accordingly, there is no dispute as to the facts. Frank Stepnick was operating a motorcycle owned by his wife when he was involved in a collision with a motor vehicle on September 5, 2006. The driver of the vehicle was underinsured. At the time in question, Patriot had issued a personal package policy to Frank Stepnick and his wife,

---

[1] If plaintiffs wished to argue that there were disputed facts as to ambiguity, they should have submitted an opposing statement of material facts.

[2] Finally, to the extent that plaintiffs are arguing that Patriot drafted (as opposed to adopted) the language in question, the court agrees that the record is silent on that point.

the provisions of which will be discussed below and which included uninsured and underinsured motorist coverage. The Stepnicks also had a separate motorcycle insurance policy issued by Progressive Insurance Co., which is also a defendant in this case.

The Patriot Insurance policy contained Personal Auto Declarations in which the Stepnicks are identified as drivers and two insured vehicles are identified: a 2002 Pontiac Grand Prix and a 1999 Dodge Caravan. The motorcycle is not listed in the Patriot policy.

The Patriot policy contains various definitions, including the following definition for "you" and "your":

> A. Throughout this policy, "you" and "your" refer to:
> 1. The "named insured" shown in the Declarations; and
> 2. The spouse if a resident of the same household.

Definitions, Section A, Policy at 8.[3]

The uninsured and underinsured coverage provision is contained in an endorsement which replaces the original Part C of the policy. Policy at 25-27. It contains the standard language with the following exclusion:

> A. We do not provide Uninsured Motorist Coverage for "bodily injury" sustained:
> 1. By you while "occupying," or when struck by, any motor vehicle you own which is not insured for this coverage under this policy. This includes a trailer of any type used with that vehicle.

Exclusion, Section A.1 to Uninsured Motorist Coverage, Policy at 26.

The question is whether this provision is ambiguous because the word "you" is not in quotation marks in the language of the exclusion. If the definition of "you" applies, then coverage is excluded because the policy would exclude claims for bodily

---

[3] The parties have sequentially hand numbered the pages of the policy. Page references in this order refer to those numbers.

3

injury sustained by Frank Stepnick while occupying a motorcycle owned by his spouse but not insured under the Patriot policy. If the definition of "you" is not applicable because of the absence of quotation marks, then Section A.1 of the exclusion does not apply because Frank Stepnick sustained bodily injury while on a motorcycle that he personally did not own.

Looking back at the definition section (Policy, page 8), the court notes that the definition of "you" is expressly stated to apply "throughout this policy." After defining "you," "your," "we," "us," and "our,"[4] the policy then provides as follows:

> Other words and phrases are defined. They are in quotation
> marks when used.

This language appears immediately preceding Definitions D through K on page 8.

In the court's view, this eliminates any ambiguity and advises a reader of the policy that "you" and "your" are always defined terms, whether or not they appear in quotation marks, and that other defined terms will appear in quotation marks when used in the policy.[5]

Accordingly, the court concludes that the policy is not ambiguous and that the exclusion applies to both Frank Stepnick's claim and that of his wife.

The entry shall be:

Defendant Patriot Mutual Insurance Co.'s motion for summary judgment dismissing the complaint as against it is granted. This order does not affect plaintiffs' claim against defendant Progressive Insurance Co. The clerk is directed to incorporate this order in the docket by reference pursuant to Rule 79(a).

---

[4] Sections A and B of Definitions, Policy at 8.

[5] The court also has not located an instance in the body of the policy in which "you" appears in quotation marks. If it did, it could be argued that the policy draws a distinction between you (without quotation marks) and "you" (as a defined term).

4

DATED:  October ___/___, 2007

_____
Thomas D. Warren
Justice, Superior Court

5

JOHN WHITMAN ESQ
PO BOX 9545
PORTLAND ME 04112

*Patriot Mut Insurance*

THOMAS MARJERISON ESQ
PO BOX 4600
PORTLAND ME 04112

*Progressive Ins Co.*

*Plaintiffs*

PETER THOMPSON ESQ
92 EXCHANGE STREET
PORTLAND ME 04101