STATE OF MAINE                                         SUPERIOR COURT
CUMBERLAND, ss.                                        CIVIL ACTION
                                                       Docket No. CV-06-646
                                                       *TDW - CUM - 5/15*

ANGELO RUOTOLO,

        Plaintiff,

   v.                                                  ORDER
                               DONALD L. GARBRECHT
DAVID PAUL, et al.,                  LAW LIBRARY                    RECEIVED

        Defendant.

Before the court is a motion by defendant High Tech Fire Protection Co. Inc., for summary judgment. High Tech is the employer of co-defendant Ty Whitworth, who was involved in a collision with plaintiff Angelo Ruotolo in January 2003. Ruotolo alleges that at the time of the collision, Whitworth was acting in the course and scope of employment and that High Tech is therefore vicariously liable for any negligence on the part of Whitworth.

Summary Judgment

Summary judgment should be granted if there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. In considering a motion for summary judgment, the court is required to consider only the portions of the record referred to and the material facts set forth in the parties' Rule 56(h) statements. E.g., Johnson v. McNeil, 2002 ME 99 ¶ 8, 800 A.2d 702, 704. The facts must be considered in the light most favorable to the non-moving party. Id. Thus, for purposes of summary judgment, any factual disputes must be resolved against the movant. Nevertheless, when the facts offered by a party in opposition to summary judgment would not, if offered at trial, be sufficient to withstand a motion for judgment as a

matter of law, summary judgment should be granted. <u>Rodrigue v. Rodrigue</u>, 1997 ME 99 ¶ 8, 694 A.2d 924, 926.

<u>Relevant Facts</u>

Viewed in the light most favorable to plaintiff as the party opposing summary judgment, the relevant facts are that a collision occurred between a truck driven by Whitworth and a vehicle driven by Ruotolo on January 16, 2003. High Tech SMF ¶ 2 (admitted in relevant part).[1] The collision occurred in South Portland. Ruotolo SMF Additional Facts ¶ 3. At the time the accident occurred, Whitworth had finished work for the day and was in the process of traveling home. High Tech SMF ¶ 1 (admitted in relevant part). The truck Whitworth was driving was owned by High Tech, Whitworth's employer, and the name High Tech Fire Protection Co. was prominently displayed in large letters on the side of the truck. High Tech SMF ¶ 1; Ruotolo SMF Additional Facts ¶ 8. The truck had toolboxes on both sides of the truck bed, and tools landed in the street as a result of the collision. Ruotolo SMF Additional Facts ¶ 8.

Just before the collision, Whitworth had driven his truck out of the Jiffy Lube Car Wash, where he had had his truck washed. Ruotolo SMF Additional Facts ¶¶ 9-10. Whitworth lives in West Poland, Maine, and High Tech's business address is in Poland, Maine. Ruotolo SMF Additional Facts ¶¶ 1-2 (admitted). Finally, the insurance on the truck driven by Whitworth at the time of the collision was in High Tech's name and was issued to High Tech. Ruotolo SMF Additional Facts ¶ 14 (admitted).[2]

---

[1] Ruotolo qualifies a number of facts set forth in High Tech's SMF but the qualifications are based either on legal arguments or speculation. He does not take issue with the facts set forth in the court's recitation of material facts.
[2] This is required by Maine law. *See* 29-A M.R.S. §§ 1611(1), (3).

Discussion

This case presents a variant of the question whether an employee traveling to or from work is acting in the course and scope of employment - an issue most recently addressed by the Law Court in *Spencer v. VIP Inc.*, 2006 ME 120, 910 A.2d 366. In this case, construing the facts and inferences in the light most favorable to the plaintiff, the court concludes that there is a disputed issue of fact as to whether Whitworth was acting in the course and scope of employment when he was driving home and was involved in a collision with Ruotolo.

First, it could be inferred from the facts recited above that Whitworth was not commuting from the High Tech office to his home on January 16, 2004 but was returning home from a jobsite. Second, because Whitworth was permitted to drive a company truck from work to his home, this could constitute a form of compensation. *IRS Reg.* §§ 1.61-21(a), (b)(4), 26 CFR §§ 1.61-21(a), (b)(4).[3] In the alternative, it could be inferred that High Tech had a business purpose for giving Whitworth the use of a truck - e.g., so that Whitworth could be on call or could more speedily transport himself and the necessary tools to locations where High Tech equipment needed to be repaired. The above inferences create a disputed issues of fact as to whether driving a High Tech truck to and from work (1) was part of the work Whitworth was employed to perform, (2) occurred within the authorized time and space limits of his employment, and (3) was authorized in part by a purpose to serve High Tech's interests. *See Spencer*, 2006 ME 120 ¶¶ 6-9, 910 A.2d at 367-68.

In the *Spencer* case the Law Court appeared to relax the "going and coming" rule by suggesting that, under the facts of that case, there was a disputed issue for trial as to

---

[3] This is true even disregarding Ruotolo's speculation that High Tech was paying or reimbursing Whitworth for all the fuel consumed by the truck.

whether an employee was acting within the scope of employment when traveling in his own vehicle on his way back from volunteering at a promotional event for his employer. This is potentially a stronger case for vicarious liability than *Spencer* because in this case, Whitworth was driving a vehicle owned by his employer with his employer's name displayed on the side of the vehicle and the vehicle was used to transport work tools for the employer's purposes.[4]

Restatement Third Agency § 7.07 provides:

> (1)    An employer is subject to vicarious liability for a tort committed by its employee acting within the scope of employment.
> (2)    An employee acts within the scope of employment when performing work assigned by the employer or engaging in a course of conduct subject to the employer's control. An employee's act is not within the scope of employment when it occurs within an independent course of conduct not intended by the employee to serve any purpose of the employer.
> (3)    For purposes of this section,
> (a)    an employee is an agent whose principal controls or has the right to control the manner and means of the agent's performance of work, and
> (b)    the fact that work is performed gratuitously does not relieve a principal of liability.

There is at least a disputed issue for trial in this case whether, even if High Tech did not in fact control Whitworth once he was off duty and driving home,[5] High Tech at least had the <u>right</u> to control Whitworth's use of a truck which High Tech owned, which displayed High Tech's name on the side, and which carried tools for High Tech's work purposes. There is also a disputed issue for trial as to whether Whitworth's use of the truck to travel to and from jobsites served a purpose of his employer. Finally, comment e to Restatement Third Agency § 7.07 and the illustrations to comment e demonstrate that the record here at least creates a factual dispute as to whether an

---

[4] On this record, it could also be inferred that in washing the vehicle immediately before the collision, Whitworth was serving High Tech's purposes rather than his own.

[5] High Tech SMF ¶ 6. Ruotolo disputes this fact but has not offered any facts to controvert High Tech's assertion to this effect or the affidavit on which that assertion is based.

4

inference should be drawn that Whitworth was acting within the course and scope of his employment.

The entry shall be:

Defendant High Tech Fire Protection Co.'s motion for summary judgment is denied. The clerk is directed to incorporate this order in the docket by reference pursuant to Rule 79(a).

DATED:      May /5 , 2008

Thomas D. Warren
Justice, Superior Court

5

HUMPHREY JOHNSON ESQ
PO BOX 7109
PORTLAND ME 04112

Dft. -
Paulo

JAMES MACADAM ESQ
208 FORE STREET
PORTLAND ME 04101

Plaintiff

BARRI BLOOM ESQ
PO BOX 9545
PORTLAND ME 04112

Defendants
Whitworth /
High Tech Fire Prot