STATE OF MAINE                                    SUPERIOR COURT
CUMBERLAND, ss.                                   CIVIL ACTION
                                                  Docket No. CV-07-107
                                                  *TDW - CUM - 5/15/2008*


CLARK HOUSE, et al.,

        Plaintiffs,

v.                                                ORDER

DANIEL COLE,

        Defendant.


Before the court is plaintiff Annamarie Trusiani's motion for summary judgment on Counts II and III of the complaint.

Summary judgment should be granted if there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. In considering a motion for summary judgment, the court is required to consider only the portions of the record referred to and the material facts set forth in the parties' Rule 56(h) statements. E.g., Johnson v. McNeil, 2002 ME 99 ¶ 8, 800 A.2d 702, 704. The facts must be considered in the light most favorable to the non-moving party. Id. Thus, for purposes of summary judgment, any factual disputes must be resolved against the movant. Nevertheless, when the facts offered by a party in opposition to summary judgment would not, if offered at trial, be sufficient to withstand a motion for judgment as a matter of law, summary judgment should be granted. Rodrigue v. Rodrigue, 1997 ME 99 ¶ 8, 694 A.2d 924, 926.

The instant motion for summary judgment is based upon two promissory notes.[1] Defendant Daniel Cole has admitted that he is in default of his obligations on those notes. *See* Trusiani SMF ¶¶ 12, 27 (admitted). Cole has not offered any facts that would absolve him of those defaults. Accordingly, Trusiani is entitled to partial summary judgment with respect to Cole's <u>liability</u> on the two promissory notes in question.

Cole has, however, raised factual disputes as to the amounts due on the notes, and the issue of damages on Counts II and III therefore remains to be determined at a trial. Cole has also argued that summary judgment is premature as to the amounts due on Counts II and III because he has not yet completed discovery, citing Rule 56(f). On this issue Cole may not have strictly complied with Rule 56(f), but the court agrees that he has set forth an adequate basis for allowing discovery with respect to the amounts due. *See Bay View Bank N.A. v. Highland Golf Mortgagees Realty Trust*, 2002 ME 178 ¶ 22, 814 A.2d 449, 454-55. In any event, because the court concludes there are factual disputes as to the amounts due, Cole will have his opportunity for discovery.

The court also agrees that while it is undisputed that the promissory notes require Cole to pay reasonable attorneys fees and costs in the event of a default, the court cannot determine on this record whether the fees sought in Trusiani's summary judgment motion are reasonable. Finally, because damages remain undetermined, the court does not need to reach Trusiani's request for the entry of judgment under Rule 54(b). Even if damages were determined, however, the court would be highly unlikely to enter a partial final judgment pursuant to Rule 54(b) where there are unresolved claims pending, including counterclaims against the plaintiffs by a defendant.

The entry shall be:

---

[1] Remaining to be decided are a claim for damages by plaintiff Clark House for alleged breach of a lease and defendant's counterclaim alleging that plaintiffs breached the lease and are liable for negligence.

2

Partial summary judgment shall be entered in favor of plaintiff Trusiani and against defendant Cole determining that Cole is liable to Trusiani on Counts II and III of the complaint. The issues of damages and attorneys fees on Counts II and III remain to be determined at trial.

The clerk is directed to incorporate this order in the docket by reference pursuant to Rule 79(a).

DATED:     May _15_, 2008

Thomas D. Warren
Justice, Superior Court

3

= COURTS
nd County
ox 287
1e 04112-0287

*Plaintiff*

)AVID TURESKY ESQ
177 CONGRESS STREET SUITE 400
?ORTLAND ME 04101-3409

)F COURTS
land County
Box 287
line 04112-0287

C ALAN BEAGLE ESQ
PO BOX 7044
PORTLAND ME 04112

*Defendant*