STATE OF MAINE                                    SUPERIOR COURT
CUMBERLAND, ss.                                   CIVIL ACTION
                                                  Docket No. CV-07-560
                                                  ᴛ ᴡ - Cum -⅛/ᴀ

PAUL F. RAINEY, et al.,

      Plaintiffs,

v.                                                ORDER

EDWARD A. LANGEN, et al.,

      Defendants.


Before the court is a motion by defendant Domino's Pizza LLC for summary judgment.

In this action plaintiffs are claiming damages as a result of a collision that occurred between a motorcycle driven by plaintiff Paul Rainey and a motor vehicle allegedly driven negligently by defendant Edward Langen. Langen was an employee of TDBO Inc., a Domino's Pizza franchisee, and Langen was apparently acting in the scope of his employment as a Domino's Pizza delivery driver at the time of the collision.

In addition to suing Langen and TDBO Inc., plaintiffs are also suing Domino's Pizza LLC itself, claiming that Domino's is responsible for Langen's actions under a theory of vicarious liability (Count V) and that Domino's was negligent in failing to adopt, prescribe, and enforce adequate standards for hiring, training, and supervision of the employees of its franchisees (Count VI).


1.    Summary Judgment

Summary judgment should be granted if there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. In considering a

motion for summary judgment, the court is required to consider only the portions of the record referred to and the material facts set forth in the parties' Rule 56(h) statements. *E.g., Johnson v. McNeil,* 2002 ME 99 ¶ 8, 800 A.2d 702, 704. The facts must be considered in the light most favorable to the non-moving party. *Id.* Thus, for purposes of summary judgment, any factual disputes must be resolved against the movant. Nevertheless, when the facts offered by a party in opposition to summary judgment would not, if offered at trial, be sufficient to withstand a motion for judgment as a matter of law, summary judgment should be granted. *Rodrigue v. Rodrigue,* 1997 ME 99 ¶ 8, 694 A.2d 924, 926.

2.    Vicarious Liability

Plaintiffs contend that there is a disputed issue of fact for trial as to whether Domino's exerts sufficient control over the operations of its franchisees to subject itself to vicarious liability for the alleged negligence of the delivery driver. Plaintiffs' Rule 56(h) statement focuses on the provisions of the Domino's Pizza Manager's Reference Guide. Certain sections of the Manager's Reference Guide are binding on franchisees and other provisions are optional. *See* Manager's Reference Guide annexed as Exhibit to Plaintiffs' May 30, 2008 SMF at page 1-2. Among the provisions in the Manager's Guide that are binding are certain provisions relating to driver safety, requiring that no one under 18 may be a Domino's driver, that Domino's drivers must have their driving records verified at the start of employment and periodically thereafter, that the driving records must meet certain specified criteria, that drivers must be subjected to periodic inspection, and that seat belts must be worn. Manager's Reference Guide at pp. 12-11 to 12-13.

The Managers Reference Guide also requires that employees who deliver pizzas receive certain specified training, including some training relating to safe driving. *See* Manager's Reference Guide at 12-31. There are other provisions in the Manager's Reference Guide relating to driving, but those are optional. *Id.* at 6-5 to 6-15.

The parties have submitted judicial decisions from other jurisdictions which take disparate views on whether franchisors can be subjected to vicarious liability for the actions of franchisee employees.

The court finds the decisions submitted by Domino's to be more persuasive.[1] Ultimately, although plaintiffs may have raised disputed issues for trial as to the extent of actual or potential control exerted by Domino's over its franchisee TDBO, plaintiffs have not raised a disputed issue for trial as to whether Domino's (as opposed to TDBO) controlled or had the right to control Edward Langen. On a vicarious liability claim, liability is premised solely on the principle that an employer is responsible for the actions of its employees performed in the course and scope of their employment. Langen was an employee of TDBO, not an employee of Domino's, and plaintiffs have not offered evidence raising a triable issue as to whether Domino's had any right to hire, fire, discipline or supervise Langen.

Domino's motion for summary judgment as to Count V is therefore granted.

---

[1] Domino's primarily relies on decisions from the Supreme Court of Kentucky, the Supreme Court of Wisconsin, the U.S. District Court for the Eastern District of New York, and an intermediate appellate court in Georgia. *See Papa John's International Inc. v. McCoy*, 244 S.W.3d 44 (Ky. 2008); *Kerl v. Dennis Rasmussen Inc.*, 682 N.W.2d 328 (Wis. 2004); *Wu v. Dunkin' Donuts Inc.*, 105 F.Supp.2d 83 (E.D.N.Y. 2000), aff'd mem., 2001 U.S. App. LEXIS 2544 (2nd Cir. 2001); *Pizza K. Inc. v. Santagata*, 547 S.E.2d 405 (Ga. App. 2001). Plaintiffs primarily rely on decisions by intermediate appellate courts in Oregon and Florida. *Miller v. McDonald's Corp.*, 945 P.2d 1107 (Ore. App. 1997); *Parker v. Domino's Pizza Inc.*, 629 So.2d 1026 (Fla. App. 1993).

3

3.    Negligent Training Claim

Domino's argues that the negligent training claim against Domino's in count VI of plaintiffs' complaint is merely a restatement of their vicarious liability claim. Plaintiffs apparently do not disagree. In their opposition papers, plaintiffs focus solely on their vicarious liability argument and have not argued that they have a separate claim against Domino's based on training that was either required or approved by Domino's.

If plaintiffs were alleging that some aspect of the training required or approved by Domino's played a role in the collision, they might well be able to proceed against Domino's and not just against Langen and TDBO.   On this record, however, where plaintiffs are not making such an argument, the court agrees that the training provisions in the franchise agreement and the Manager's Reference Guide are not sufficient to raise a disputed issue for trial as to whether Domino's controlled or had the right to control and supervise Langen.   Domino's is therefore also granted summary judgment with respect to Count VI of the complaint.

The entry shall be:

The motion by defendant Domino's Pizza LLC for summary judgment dismissing Counts V and VI of the complaint is granted.   The case shall proceed as against defendants Langen and TDBO Inc.   The clerk is directed to incorporate this order in the docket by reference pursuant to Rule 79(a).

DATED:    January __2__, 2009

_____
Thomas D. Warren
Justice, Superior Court

4

DEBORAH BUCCINA ESQ
PO BOX 7108
PORTLAND ME 04112

*Langen*

DANIEL KAGAN ESQ
PO BOX 961
LEWISTON ME 04243

*Plaintiffs*

and County
Box 287
ine 04112-0287

JAMES BOWIE ESQ
PO BOX 4630
PORTLAND ME 04112

*TDBO*

*Dominos*