STATE OF MAINE                                          SUPERIOR COURT
CUMBERLAND, ss                                          CIVIL ACTION
                                                        DOCKET NO. RE-09-118



RIVERWOOD BUILDERS, INC.,
       Plaintiff
                                              ORDER ON PLAINTIFF'S
v.                                            MOTION FOR SUMMARY
                                              JUDGMENT
BRIDGTON GENERAL STORE, LLC,
       Defendant


Before the court is Plaintiff Riverwood Builders Inc.'s (Riverwood) Motion

for Summary Judgment. Riverwood alleges that Defendant, Bridgton General

Stores, LLC (BGS), breached its contract and owes Riverwood $25,031 plus

litigation costs for services performed at 270 Main Street in Bridgton, Maine.

Summary judgment should be granted if there is no genuine dispute as to

any material fact and the movant is entitled to judgment as a matter of law. M.R.

Civ. P. 56(c). In considering a motion for summary judgment, the court should

consider the facts in the light most favorable to the non-moving party, and the

court is required to consider only the portions of the record referred to and the

material facts set forth in the parties' Rule 56(h) statements. *E.g., Johnson v.*

*McNeil*, 2002 ME 99, ¶ 8, 800 A.2d 702, 704. A contested fact is "material" if it

could potentially affect the outcome of the suit under the governing law. *Inkel v.*

*Livingston*, 2005 ME 42, ¶ 4, 869 A.2d 745, 747. A fact is "genuine" if there is

sufficient evidence supporting the claimed fact to require a fact-finder to choose

between competing versions of facts at trial. *Id*

Genuine issues of material fact exist, precluding the court from granting

this motion. It appears that Riverwood entered into a contract to repair

structural damage to the property in Bridgton, Maine. However, no contract

signed by or on behalf of the Defendant has been provided and the court cannot determine whether the "quote," which was provided was accepted. Additionally, the court is not able to determine if the work was to be performed on the residential portion of the property, the commercial portion of the property, or both.

Additional factual disputes preclude summary judgment: 1) the amount of work Riverwood performed pursuant to a clause in the underlying "quote," which states: "Any additional damage to support structure that becomes evident upon demolition will be discussed with client and contracted separately;" and 2) whether the contracting party was aware that Riverwood was performing additional work at 270 Main Street. Without a fully executed contract and without further information this court cannot grant Riverwood's Motion for Summary Judgment.

Therefore, the entry is:

Plaintiff's Motion for Summary Judgment is DENIED.


Dated at Portland, Maine this ___/4th___ day of ___October___, 2009.


Robert E. Crowley
Justice, Superior Court

SAMUEL SHERRY ESQ
PO BOX 18201
PORTLAND ME 04101

BRIDGTON GENERAL STORE
C/O JEAN MCCARTHY
1839 NEW BRITAIN AVE
FARMINGTON CT 06032