STATE OF MAINE                                    SUPERIOR COURT
CUMBERLAND, ss.                                   CIVIL ACTION
                                                  Docket No. RE-09-136

CHASE HOME FINANCE LLC,

        Plaintiff,

        v.                                        ORDER

RICHARD HARRIS SR.,

        Defendant.


        This is an action to foreclose a mortgage. Before the court is a motion by plaintiff

Chase Home Finance LLC (Chase) for summary judgment.


## Summary Judgment

        Summary judgment should be granted if there is no genuine dispute as to any

material fact and the movant is entitled to judgment as a matter of law. In considering a

motion for summary judgment, the court is required to consider only the portions of the

record referred to and the material facts set forth in the parties' Rule 56(h) statements.

*E.g., Johnson v. McNeil*, 2002 ME 99 ¶ 8, 800 A.2d 702, 704. The facts must be considered

in the light most favorable to the non-moving party. *Id.* Thus, for purposes of

summary judgment, any factual disputes must be resolved against the movant.

Nevertheless, when the facts offered by a party in opposition to summary judgment

would not, if offered at trial, be sufficient to withstand a motion for judgment as a

matter of law, summary judgment should be granted. *Rodrigue v. Rodrigue*, 1997 ME 99

¶ 8, 694 A.2d 924, 926.

## Compliance with Amended Rule 56

The court has reviewed the record in light of Rule 56(j) (effective August 3, 2009) and concludes that the requirements of that rule have been complied with. As of the date that notice was given to defendant Richard Harris Sr., the more recent amendments to 14 M.R.S. § 6111 had not taken effect and Chase's January 4, 2009 notice to Harris complied with § 6111 as then in effect. Chase has also properly certified proof of ownership of the note and mortgage, and Harris does not dispute this issue.

## Default Notice

In his statement of material facts – but not in his memorandum of law opposing Chase's motion for summary judgment – Harris disputes that the notice he received from the Bank[1] complied with Section 22 of the mortgage. Although the letter did not recite the mortgagee's rights exactly as set forth in Section 22, it adequately apprised Harris that he had a right to reinstate the mortgage and that he had a right to raise defenses in litigation. Harris's failure to argue these issues in his memorandum of law – which admits that he owes the principal sum of $214,233.02 to Chase[2] - is a tacit acknowledgement that the January 4, 2009 letter was adequate.

## Changing of Locks and Interference with Sale

Harris argues that summary judgment for Chase should be denied and that Chase should be equitably required to accept a deed in lieu of foreclosure. This argument is based on affidavits which recite that Chase changed the locks to the premises and that, although Chase later provided Harris with a key to the new lock, it

---

[1] January 4, 2009 letter attached as Ex. 3 to Affidavit of Whitney Cook.
[2] Defendant's Opposition to Motion for Summary Judgment dated September 10, 2009, at 1.

effectively prevented Harris from listing the premise for sale by forbidding the use of a realtor's lockbox. Harris also contends that Chase threatened to evict any tenants if Harris leased the premises. Although Chase has offered contrary evidence, the court concludes that Harris has at least raised disputed issues for trial on these issues. However, summary judgment should nevertheless be granted if any disputed issues of fact are not "material." A contested fact is "material" if it could potentially affect the outcome of the suit. *E.g., Burdzel v. Sobus*, 2000 ME 84 ¶ 16, 750 A.2d 573, 575.

In this case the court concludes that, even if it assumes that Chase prevented a sale of the premises by forbidding the use of a realtor's lockbox and also told Harris that it would seek to evict any tenants,[3] Chase would still be entitled to summary judgment based on Section 9 of the mortgage, which provides in pertinent part that

> If . . . I [mortgagor] do not keep my promises and agreements made in this Security Instrument . . . then Lender may do and pay for whatever is necessary to protect the value of the Property and Lender's rights in the Property. Lender's actions to protect its interest in the Property and/or rights under this Security Instrument . . . may include appearing in court, paying reasonable attorneys' fees, paying superior liens on the Property, and securing and/or repairing the Property. Securing the Property includes, for example, entering the Property to make repairs, <u>change locks</u>, replace or bar up doors and windows, drain water from pipes, eliminate building or other code violations or dangerous conditions, and have utilities turned on or off.

(emphasis added).

It is not disputed that Harris fell behind on the mortgage in November 2008. All of the alleged actions by Chase upon which Harris bases his opposition to foreclosure occurred thereafter. In the court's view, once Harris was not current in his payment obligations, Section 9 of the mortgage authorized Chase to take action to secure the

---

[3] Chase acknowledges that it changed the lock on one door. (As noted above, Harris acknowledges that he thereafter received a key to the new lock.) Chase denies that it declined to allow a realtor's lockbox or that it threatened to evict any tenants. Chase also has offered evidence that properties can be listed for sale without a realtor's lockbox.

premises, which included the authority to change locks, to prevent a realtor's lockbox from being used, and to resist any rental of the premises.[4]

The court agrees that if Chase impeded Harris's ability to sell the property, Chase's actions may have resulted in economic harm to Harris – and also to Chase itself, which presumably would have realized more in an arms length sale than it is likely to receive on foreclosure. However, if Chase had the express right to change the locks and could therefore have locked Harris out entirely, it follows that it had the right to preclude the use of a lockbox, even assuming that this prevented a sale. The court does not conclude that its equitable power extends to sanctioning a mortgage holder for exercising specific rights granted in the mortgage even if the mortgage holder does so in a manner that may have been unwise.

This is particularly true in the instant case because Harris is not arguing that Chase interfered with a specific sale but is only offering an opinion from a broker that the property "more likely than not" would have sold if a realtor's lockbox could have been used, especially if there had also been a "small decrease" in the listing price. Fox Aff. ¶ 13. Even if the mortgage had not given Chase an express right to take action to secure the premises, Fox's affidavit is too speculative a basis on which to conclude that the court should exercise its equitable power to deny Chase's right to foreclosure.

The entry shall be:

Plaintiff's motion for summary judgment is granted. The court will enter the accompanying judgment of foreclosure. The clerk is directed to incorporate this order into the docket by reference pursuant to Rule 79(a).

---

[4] Harris did not have an unfettered right to sell. Section 18 of the mortgage provided that Chase could require immediate payment in full if the property was sold or transferred without Chase's prior permission. Moreover, the amount Chase would receive on foreclosure might have been affected if the property had been encumbered by a lease.

4

DATED:      December 8, 2009

Thomas D. Warren
Justice, Superior Court

------------------------------------------------------------------------------

01 0000001421            BEAGLE, C ALAN
     26 CITY CENTER PO BOX 7044 PORTLAND ME 04112-7044
     F    RICHARD HARRIS SR                      DEF      RTND    07/15/2009

02 0000000118            THELIN, PAUL E
     7 OCEAN ST PO BOX 2412 SOUTH PORTLAND ME 04116-2412
     F    CHASE HOME FINANCE LLC                 PL       RTND    06/22/2009

03 0000004336            STEARNS, DAVID E
     7 OCEAN ST PO BOX 2412 SOUTH PORTLAND ME 04116-2412
     F    CHASE HOME FINANCE LLC                 PL       RTND    06/22/2009