TDW-CUM-1/12/2

Pratt v. Keefe, CV-08-382 (Superior Ct. Cumberland)

Before the court are two motions by defendant Steven Keefe, M.D.: (1) a motion for summary judgment and (2) a motion to exclude the testimony of Dr. James Kirsch as to liability and causation.

Dr. Keefe filed the motion for summary judgment on August 3, 2010. Plaintiff Sharon Pratt filed opposition papers on August 31, 2010, relying, inter alia, on the deposition testimony of Dr. Kirsch. On September 10, 2010 Dr. Keefe filed his reply papers along with a motion to exclude the testimony of Dr. Kirsch. Subsequently Pratt filed a Rule 56(i)(2) response to the objections lodged by Dr. Keefe in his opposition papers and responded to Dr. Keefe's motion to exclude the testimony of Dr. Kirsch.

## 1. Summary Judgment

Summary judgment should be granted if there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. In considering a motion for summary judgment, the Court is required to consider only the portions of the record referred to and the material facts set forth in the parties' Rule 56(h) statements. E.g., Johnson v. McNeil, 2002 ME 99 ¶ 8, 800 A.2d 702, 704. The facts must be considered in the light most favorable to the non-moving party. Id. Thus, for purposes of summary judgment, any factual disputes must be resolved against the movant. Nevertheless, when the facts offered by a party in opposition to summary judgment would not, if offered at trial, be sufficient to withstand a motion for judgment as a matter of law, summary judgment should be granted. Rodrigue v. Rodrigue, 1997 ME 99 ¶ 8, 694 A.2d 924, 926.

In this case Dr. Keefe makes three basic points in his motion for summary judgment. First, he argues that he cannot be held liable for the actions of Dr. Shinderman and had no duty to supervise Dr. Shinderman. Second, he argues that there is no evidence that any actions on his part were the cause of the injuries for which Pratt is seeking compensation.[1] Third, he argues that he cannot be held liable on a failure to warn theory.

## 2. Liability for Actions of Dr. Shinderman

Pratt's response to Dr. Keefe's first point is that she is not contending that Dr. Keefe is liable for any malpractice on the part of Dr. Shinderman but rather that Dr.

---

[1] As the court understands it, Pratt's claim for damages is now limited to damages involving the physical injuries and medical costs resulting from one fall, two auto accidents, and one alleged methadone overdose – all during the first six months of 2002 – and any emotional distress and or psychological injury resulting from alleged over-prescription of methadone. At a pretrial conference on March 12, 2010 Pratt withdrew any claim for damages based on alleged cardiac or brain injury. Although there are some references to alleged cardiac and/or brain injuries in the summary judgment papers, the court does not understand that Pratt is attempting to revive those claims, and she will in any event be held to her prior decision to withdraw those claims.

Keefe himself breached the applicable standard care in Dr. Keefe's more limited interaction with and treatment of Pratt. It appears to be undisputed that Dr. Keefe had eight face-to-face encounters with Pratt and adjusted her methadone dose three times. See Defendant's Reply Statement of Material Facts (SMF) ¶¶1-2. In addition, there is evidence of one or more meetings where Pratt met with both Dr. Shinderman and Dr. Keefe. See Plaintiff's Statement of Additional Material Facts (SAMF) ¶ 14 (admitted by defendant for purposes of summary judgment only).

As a result, although Pratt has not rebutted Dr. Keefe's arguments that he cannot be held liable for any failings of Dr. Shinderman or for failing to supervise Dr. Shinderman, Dr. Keefe is not entitled to summary judgment because Pratt is pursuing a claim that Dr. Keefe himself committed malpractice. Pratt will not be entitled to pursue a supervisory liability theory at trial.[2]


3. Causation – Motion to Exclude

Dr. Keefe's second argument is that there is no evidence that the actions of Dr. Keefe (as opposed to those of Dr. Shinderman) caused any injury to Pratt. One answer to this argument is that Pratt does not have to show that Dr. Keefe's treatment separately caused her injury if the evidence establishes that Drs. Shinderman and Keefe were joint tortfeasors and that their negligence together caused injury to Pratt.

This issue is complicated, however, because Pratt's opposition to Dr. Keefe's summary judgment motion relies on expert testimony from Dr. Kirsch (Pratt's primary care physician) rather than from the expert whom Pratt had designated, Dr. Stanley Evans. This engendered Dr. Keefe's motion to exclude Dr. Keefe's opinions as to liability and causation, based (1) on Pratt's failure to designate Dr. Kirsch, (2) on the "one expert per issue" rule, and (3) on Dr. Keefe's contention that Dr. Kirsch lacks the necessary foundation and qualifications to opine on causation.

The court does not agree that Dr. Kirsch's opinions are fatally lacking in foundation or qualifications. To the extent that Dr. Keefe's has pointed to weaknesses in those areas, those go to weight rather than admissibility. However, the court does agree with Dr. Keefe that Dr. Kirsch was not adequately designated as an expert on liability and causation. Pratt points out that opinions on those issues were elicited by defendant's counsel at Dr. Kirsch's deposition. While the court understands that sometimes the details of an expert's opinion are not elicited until the expert is deposed, the court does not believe that principle can be stretched to allow an expert to testify at trial with respect to an entire subject matter on which the expert was not designated, at least under the circumstances of this case. In addition, the "one expert issue rule" would preclude Pratt from offering liability and causation opinions by both Dr. Evans

---

[2] Although Dr. Keefe was licensed in Maine and Dr. Shinderman was licensed in Illinois and only had a temporary license in Maine, Defendant's SMF ¶ 20, Pratt has not offered any evidence that Dr. Keefe assumed responsibility for Dr. Shinderman's actions. Instead, she specifically does not dispute that Dr. Keefe had no reason to doubt Dr. Shinderman's competence and that Dr. Keefe did not supervise Dr. Shinderman. Defendant's SMF ¶¶ 24-25 (admitted).

2

(who the court understands has always been Pratt's primary liability and causation expert) and Dr. Kirsch.

The court will therefore grant the motion to exclude Dr. Kirsch's opinions with respect to liability and causation. The problem this creates is that, although Pratt only cited Dr. Kirsch's testimony in her statement of material facts, the record also contains opinions on liability and causation from Dr. Evans which would be sufficient to generate factual issues for trial if Pratt had cited those opinions instead of those of Dr. Kirsch. See, e.g., Evans deposition 56-57, 64, 67-69, 75, 83 (submitted as part of plaintiff's Rule 56(i)(2) response). Under these circumstances, the court's ruling excluding Dr. Kirsch's opinions – after plaintiff has responded to the summary judgment motion – would necessarily lead to the question of whether plaintiff should allowed to rely on Dr. Evans instead.

Plaintiff can perhaps be faulted for not citing to both Dr. Evans's and Dr. Kirsch's testimony. However, a party opposing summary judgment is only required to offer enough evidence to raise a disputed issue for trial. A party opposing summary judgment is not required to offer all of the evidence that party would offer at trial. Here Dr. Kirsch's testimony is enough to raise disputed issues for trial even though Dr. Kirsch's testimony is ultimately excludible for other reasons.

One possible course here would be to require plaintiff to resubmit her opposition to summary judgment citing to Dr. Evans. However, the court concludes that this would not serve any useful function. This case is on the current trial list and has previously been on two prior trial lists. Under the circumstances, further delay in unacceptable. Given Dr. Evans's opinions, the court concludes that the most appropriate and practical course is to grant the motion to exclude Dr. Kirsch's opinions on liability and causation but to deny the motion for summary judgment and allow the parties to proceed to trial.

In reaching this result, the court is not intimating any view as to plaintiff's likelihood of prevailing on her claims. Indeed, the summary judgment record contains evidence that suggests that plaintiff faces formidable obstacles at trial.[3] Ultimately, however, the merits of plaintiff's claims are for a jury to decide.


## 4. Failure to Warn

On this issue plaintiff has not offered expert testimony but the court concludes that there is evidence, taken in the light most favorable to plaintiff, from which a jury could conclude even in the absence of expert testimony that a warning should have been given. The court does not mean to suggest that plaintiff necessarily has a strong case on this issue. The summary judgment record contains evidence that plaintiff did receive warnings at some point so it appears plaintiff will have to prove that she should

---

[3] This includes but is not limited to evidence as to Dr. Keefe's limited involvement, the fact that he reduced Pratt's methadone dosage on two occasions, and indications that Pratt may have simultaneously been abusing other prescription medications.

have received warnings earlier and that Dr. Keefe (as opposed to Dr. Shinderman) should have given such warnings.

In addition, assuming that the need for a warning would have been apparent even in the absence of expert testimony, Dr. Keefe has raised the issue of why Pratt herself was not contributorily negligent in failing to recognize the potential danger. That also, however, is an issue for the jury.

The entry shall be:

Defendant's motion for summary judgment is denied. Defendant's motion to exclude opinions from Dr. Kirsch as to liability and causation at trial is granted. The Clerk is directed to incorporate this order in the docket by reference pursuant to Rule 79(a).

Dated: January __//__, 2011

_____
Thomas D. Warren
Justice, Superior Court

4

SHARON PRATT  - PLAINTIFF

Attorney for: SHARON PRATT
ANTHONY J SINENI III - RETAINED 07/02/2008
OFFICE OF ANTHONY SINENI III
701 CONGRESS STREET
PORTLAND ME 04102


vs
STEVEN KEEFE, DO  - DEFENDANT

Attorney for: STEVEN KEEFE, DO
CHRISTOPHER TAINTOR  - RETAINED 07/02/2008
NORMAN HANSON & DETROY
415 CONGRESS STREET
PO BOX 4600
PORTLAND ME 04112-4600

Attorney for: STEVEN KEEFE, DO
MARK LAVOIE  - RETAINED 09/10/2008
NORMAN HANSON & DETROY
415 CONGRESS STREET
PO BOX 4600
PORTLAND ME 04112-4600

SUPERIOR COURT
CUMBERLAND, ss.
Docket No  PORSC-CV-2008-00382


DOCKET RECORD

Filing Document: COMPLAINT             Minor Case Type: MEDICAL MALPRACTICE
Filing Date: 07/02/2008

## Docket Events:

07/02/2008 FILING DOCUMENT - COMPLAINT FILED ON 07/02/2008
           WITH SUMMARY SHEET. AD

07/31/2008 Party(s):  SHARON PRATT
           ATTORNEY - RETAINED ENTERED ON 07/02/2008
           Plaintiff's Attorney: ANTHONY J SINENI III

07/31/2008 Party(s):  STEVEN KEEFE, DO
           ATTORNEY - RETAINED ENTERED ON 07/02/2008
           Defendant's Attorney: CHRISTOPHER TAINTOR

07/31/2008 NOTE - OTHER CASE NOTE ENTERED ON 07/31/2008
           COPY OF NOTICE OF CLAIM AND DOCKET ENTRIES SEND TO TINA (JUDICIAL SECRETARY

08/28/2008 ORDER - PANEL CHAIR ENTERED ON 08/25/2008
           THOMAS E HUMPHREY , SUPERIOR COURT CHIEF JUSTICE
           LEAH W. SPRAGUE, ESQ. IS DESIGNATED CHAIR OF THE PRE-LITIGATION SCREENING PANEL ON 08-28-
           08 COPIES MAILED TO CHRISTOPHER TAINTOR, ESQ. AND ANTHONY SINENI, III, ESQ.

08/28/2008 NOTE - OTHER CASE NOTE ENTERED ON 08/25/2008
           COMPLETE FILE MATERIAL MAILED TO LEAH SPRAGUE, ESQ. ON 8-29-08. AD

09/15/2008 Party(s):  STEVEN KEEFE, DO
           RESPONSIVE PLEADING - ANSWER FILED ON 09/10/2008
           OF DEF, STEVEN KEEFE, D.O. AD.;COPY MAILED TO LEAH SPRAGUE, PANEL CHAIR ON THIS DATE. AD