STATE OF MAINE                                      SUPERIOR COURT
CUMBERLAND, ss.                                     CIVIL ACTION
                                                    Docket No. RE-10-427
                                                    TDW - CUM - ? ?

MAINE VETERANS' HOMES,

        Plaintiff

v.                                                  ORDER

RONNIE HALFACRE TELLERMAN, et al

        Defendants.


        Plaintiff Maine Veterans Homes' has moved for summary judgment in this

foreclosure action. Although defendant Ronnie Halfacre Tellerman has appeared in the

action, she has not responded to the motion for summary judgment.

        Nevertheless the court is obliged under M.R.Civ.P. 56(j) and recent Law Court

decisions to determine that the requirements of that rule have been met even in the

absence of opposition to the motion for summary judgment.

        In this instance the court determines that all of the requirements for summary

judgment have been met except the requirement that the statement of material facts set

forth the order of priority and any amounts that may be due to other parties in interest.

See Chase Home Finance LLC v. Higgins, 2009 ME 136 ¶ 11, 985 A.2d 508, 511; Johnson

v. McNeil, 2002 ME 99 ¶ 17, 800 A.2d 702, 705. This is not merely an academic exercise

because there are three parties in interest in this case – Cedars Nursing Care and

Rehabilitation Center, Phyllis Cohn, and the Town of Cape Elizabeth. As far as the court

can discern, the Cedars' claim appears to come between the first and second mortgages

being foreclosed upon by the Veterans' Homes but this depends in part upon recording

dates, not all of which are spelled out in the Veterans' Homes statement of material facts or in the other parties' submissions.[1]

Accordingly, the Veterans' Homes motion for summary judgment is denied without prejudice to submission of a supplemental statement of material facts, with appropriate record citations and supporting record material, setting forth the priorities of the Veterans' Homes and all the parties in interest, the amounts due, and all relevant recording dates. All parties shall have 21 days from the filing of the supplemental statement of material facts in which to file opposing statements.

The entry shall be:

Plaintiff's motion for summary judgment is denied without prejudice as set forth above. The Clerk is directed to incorporate this order in the docket by reference pursuant to Rule 79(a).

Dated: August 24, 2011

_____
Thomas D. Warren
Justice, Superior Court

---

[1] The amount of Ms. Cohn's claim and her priority are also not set forth in the proposed judgment submitted by the Veterans' Homes.

2