STATE OF MAINE                                    SUPERIOR COURT
CUMBERLAND, ss                                      CIVIL ACTION
                                                DOCKET NO. RE-10-556
                                              ~1~N) -CUM ✓9/23/2011


PEOPLES UNITED BANK,

        Plaintiff,

    v.                                              ORDER

CINDY L. EGGLESTON, et al.,
                                            STATE OF MAINE
                                            Cumberland, ss, Clerk's Office
        Defendants.
                                            SEP 23 2011

                                            **RECEIVED**

        Before the court is a motion by plaintiff Peoples United Bank for summary

judgment.[1]

        Summary judgment should be granted if there is no genuine dispute as to any

material fact and the movant is entitled to judgment as a matter of law. In considering a

motion for summary judgment, the court is required to consider only the portions of the

record referred to and the material facts set forth in the parties' Rule 56(h) statements.

E.g., Johnson v. McNeil, 2002 ME 99 ¶ 8, 800 A.2d 702, 704. The facts must be

considered in the light most favorable to the non-moving party. Id. Thus, for purposes

of summary judgment, any factual disputes must be resolved against the movant.

Nevertheless, when the facts offered by a party in opposition to summary judgment

would not, if offered at trial, be sufficient to withstand a motion for judgment as a

matter of law, summary judgment should be granted. Rodrigue v. Rodrigue, 1997 ME

99 ¶ 8, 694 A.2d 924, 926.

---

[1] There are three counts in plaintiff's complaint. As far as the court can tell, plaintiff's motion for
summary judgment only relates to count I, in which plaintiff seeks to foreclose on certain real
estate.

In this case the court concludes that there is a disputed issue of fact as to whether the mortgage on which Peoples United seeks to foreclose constitutes security for the note that Peoples United contends is in default.[2] As defendants point out, the mortgage was originally granted to secure two notes which have since been paid. On January 9, 2009, the mortgage was amended to secure a January 9, 2009 note in the amount of $230,000 "from Grantor to Lender." Exhibit F to April 8, 2011 Jarvais Affidavit (emphasis added). The Mortgage Amendment defines Cindy L. Eggleston and Stephen T. Eggleston as the "Grantors."

There is no January 9, 2009 note in the summary judgment record from Cindy L. Eggleston and/or Stephen T. Eggleston to Peoples United. The only January 9, 2009 note in the record is a January 9, 2009 note on which the obligor is the Brunswick Flower Shop & Formal Wear Inc. Exhibit E to April 8, 2011 Jarvais Affidavit.

TD Bank has offered evidence that the January 9, 2009 Brunswick Flower Shop note is in default. Although Brunswick Flower Shop & Formal Wear Inc. is apparently owned by one or both Egglestons,[3] the discrepancy in the mortgage amendment is sufficient to create a disputed issue of fact as to whether the mortgage which TD Bank is seeking to foreclose was in fact intended to secure the Brunswick Flower Shop's obligation. This follows from the principle that on summary judgment, all inferences must be drawn against the movant. Beaulieu v. Aube Corp., 2002 ME 79 ¶ 2, 796 A.2d 683, 685.

---

[2] Defendants contend that there are other disputed issues of fact that preclude summary judgment. Because summary judgment has been denied, the court does not have to reach those issues. The court would note, however, that the obligor on the January 9, 2009 Brunswick Flower Shop note is a commercial entity and that note includes the word "business" in a recitation of its purposes. The Egglestons have not offered any evidence that the loan was not for commercial purposes. If TD Bank had established that the mortgage was intended to secure the January 9, 2009 Flower Shop note, therefore, it would have established that 14 M.R.S. § 6111 is not applicable.

[3] Cindy Eggleston signed the January 9, 2009 Brunswick Flower Shop note as president of Brunswick Flower Shop & Formal Wear Inc. See Exhibit E to April 8, 2011 Jarvais Affidavit.

2

The entry shall be:

Plaintiff's motion for summary judgment is denied. The clerk is directed to incorporate this order in the docket by reference pursuant to Rule 79(a).

Dated: September 23, 2011

Thomas D. Warren
Justice, Superior Court

---

01 0000002259        GUILLORY, ROBERT
   11 LISBON STREET LEWISTON ME 04240

| | | | | |
|---|---|---|---|---|
| F | CINDY L EGGLESTON | DEF | RTND | 04/13/2011 |
| F | STEPHEN T EGGLESTON | DEF | RTND | 04/13/2011 |
| F | THE BRUNSWICK FLOWER SHOP & FORMAL WEAR | DEF | RTND | 04/13/2011 |

02 0000003527        PECK, PAUL
   ONE MONUMENT WAY PORTLAND ME 04101

| | | | | |
|---|---|---|---|---|
| F | PEOPLES UNITED BANK | PL | RTND | 11/12/2010 |

03 0000001578        SHANKMAN, NEIL S
   11 LISBON STREET LEWISTON ME 04240

| | | | | |
|---|---|---|---|---|
| F | THE BRUNSWICK FLOWER SHOP & FORMAL WEAR | DEF | RTND | 11/24/2010 |
| F | CINDY L EGGLESTON | DEF | RTND | 11/24/2010 |
| F | STEPHEN T EGGLESTON | DEF | RTND | 11/24/2010 |

04 0000009334        CAMPO, BENJAMIN P JR
   ONE MONUMENT WAY PORTLAND ME 04101

| | | | | |
|---|---|---|---|---|
| F | PEOPLES UNITED BANK | PL | RTND | 11/12/2010 |

STATE OF MAINE
CUMBERLAND, ss

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. RE-10-556
TDW - CUM- 5/8/2012

PEOPLE'S UNITED BANK,

Plaintiff,

v.

ORDER

CINDY L. EGGLESTON, et al.,

Defendants.

Before the court is a motion by plaintiff People's United Bank for summary judgment.[1] This is the second motion filed by People's Bank; the first was denied by order dated September 23, 2011.

1. Summary Judgment

Summary judgment should be granted if there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. In considering a motion for summary judgment, the court is required to consider only the portions of the record referred to and the material facts set forth in the parties' Rule 56(h) statements. E.g., Johnson v. McNeil, 2002 ME 99 ¶ 8, 800 A.2d 702, 704. The facts must be considered in the light most favorable to the non-moving party. Id. Thus, for purposes of summary judgment, any factual disputes must be resolved against the movant. Nevertheless, when the facts offered by a party in opposition to summary judgment would not, if offered at trial, be sufficient to withstand a motion for judgment as a

_____

[1] There are four counts in plaintiff's amended complaint. As far as the court can tell, plaintiff's motion for summary judgment only relates to counts I and IV (foreclosure and reformation) so the motion actually seeks partial summary judgment.

matter of law, summary judgment should be granted. Rodrigue v. Rodrigue, 1997 ME 99 ¶ 8, 694 A.2d 924, 926.

A threshold question is whether a party may file a second motion for summary judgment once an initial motion has been denied. In this case, defendants oppose the second motion but do not contend that a party should have only one chance to file for summary judgment.

Nothing in Rule 56 precludes a second motion. In the court's view, a party should be permitted to file a second motion for summary judgment if (1) the first motion failed because of a specific factual issue that can be resolved on a limited additional record and (2) the second motion will not delay trial. In this case the second summary judgment motion addresses the specific factual deficiency found by the court in its September 23, 2011 order. The second motion was also filed within the motion deadline set by the scheduling order and will not delay trial.

2. Undisputed Facts – Reformation

The problem identified by the court in its September 23, 2011 order is that People's Bank is seeking to foreclose a mortgage covering property owned by Cindy and Stephen Eggleston. That mortgage, as amended on January 9, 2009, states that it secures a January 9, 2009 note in the amount of $230,000 "from Grantor to Lender" (emphasis added). The grantors identified in the mortgage amendment are Cindy and Stephen Eggleston. However, there is no $ 230,000 note dated January 9, 2009 from Cindy and Stephen Eggleston to People's Bank. The only $ 230,000 note dated January 9, 2009 is from Brunswick Flower Shop & Formal Wear Inc. to People's United Bank.

The second motion for summary judgment addresses this issue and establishes that it is undisputed that all parties intended that the amended mortgage would secure the $ 230,000 note from the Brunswick Flower Shop to the Bank. See Plaintiff's

2

Statement of Material Facts dated January 20, 2012 ¶¶ 28-33, 35-36.[2] These paragraphs were not disputed in Defendants' Response dated February 9, 2012 to Plaintiff's Statement of Material Facts.

People's Bank argues that the above facts establish that the mortgage amendment is ambiguous and allows the court to consider parol evidence in interpreting that amendment. On this issue the court agrees with defendants that the mortgage amendment (although erroneously worded) is not ambiguous.

In the alternative, People's Bank argues that the above facts establish that the mortgage amendment should be reformed to identify the correct note. Where all parties to a written instrument share the same misconception with respect to the terms of that instrument, the instrument may be reformed due to a mutual mistake of fact. See Baillargeon v. Estate of Daigle, 2010 ME 127 ¶ 16, 8 A.3d 709. The summary judgment record establishes the undisputed existence of a mutual mistake of fact that warrants the reformation sought by People's Bank in this case.[3]

While this is sufficient to grant partial summary judgment for People's Bank on count IV of its complaint, the remaining question is whether the Bank is also entitled to summary judgment on its claim for foreclosure. On this issue defendants have raised two issues. The first is whether People's Bank has established that it is the successor of Maine Bank and Trust, to whom the original mortgage was granted in 2007. The second is whether there is a disputed issue for trial on the amount due under the mortgage.

On the issue of whether People's Bank is the successor in interest to Maine Bank & trust, the Bank relies on paragraph 6 in the Jarvais affidavit. That affidavit states that it is based on Mr. Jarvais's knowledge of bank records. Jarvais Affidavit ¶ 1. It further establishes that the records in question are business records within the meaning of Rule

---

[2] See also January 11, 2011 Jarvais Affidavit ¶ 10-11.

[3] This is true regardless of whether a party seeking reformation must establish the existence of a mutual mistake by clear and convincing evidence, see Baillargeon v. Estate of Daigle, 2010 ME 127 ¶ 16, or merely by a preponderance of the evidence.

3

803(6). Id. While that is sufficient to establish the admissibility of the bank's business records, it does not allow Mr. Jarvais to offer a hearsay description of the contents of records that are not attached to his affidavit.[4]

The Egglestons' arguments on this issue would appear to elevate form over substance given that the Egglestons signed the January 9, 2009 amendment of mortgage which recites that People's United Bank is the successor in interest by merger to Maine Bank & Trust (Exhibit F to January 11, 2011 Jarvais Affidavit). However, the Egglestons have also raised a disputed issue of fact with respect to the amount owed on the note and mortgage. See Defendants' Response dated February 9, 2012 to Plaintiff's Statement of Material Facts ¶¶ 3-4 (contesting paragraphs 40 and 45 of plaintiff's SMF). As a result, summary judgment must be denied on count I, and the court does not need to decide whether the successor in interest issue would alone be sufficient to require a trial.

The entry shall be:

Plaintiff's motion for partial summary judgment is granted with respect to count IV of the complaint, on which plaintiff has established that the January 9, 2009 mortgage amendment shall be reformed to provide that the amended mortgage secures a $ 230,000 note from Brunswick Flower Shop & Formal Wear Inc. to People's United Bank. With respect to count I of the complaint, plaintiff's motion for partial summary judgment is denied. The clerk is directed to incorporate this order in the docket by reference pursuant to Rule 79(a).

Dated: May _8_, 2012

Thomas D. Warren
Justice, Superior Court

---

[4] If Mr. Jarvais has personal knowledge that People's United Bank is the successor in interest to Maine Bank & Trust, he does not state that in his affidavit. Moreover, the court declines plaintiff's suggestion that it should confirm the information in question by obtaining additional hearsay via an internet search.

## PEOPLES UNITED BANK VS CINDY L EGGLESTON
CASE #:PORSC-RE-2010-00556

-----------------------------------------------------------------------------------

SEL VD                          REPRESENTATION TYPE      DATE

### 01 ATTORNEY: PIERCE, ANDREW PAUL
ADDR:ONE MONUMENT WAY PORTLAND ME 04101
   FOR: PEOPLES UNITED BANK        PL     RTND  01/23/2012

### 02 002259 ATTORNEY: GUILLORY, ROBERT
ADDR: 305 MAIN STREET YARMOUTH ME 04096
     FOR:CINDY L EGGLESTON         DEF    RTND  04/13/2011
     FOR:STEPHEN T EGGLESTON      DEF    RTND  04/13/2011
     FOR: BRUNSWICK FLOWER SHOP & FW  DEF    RTND  04/13/2011

### 03 002448 ATTORNEY: WAITE, PAMELA
ADDR: 6 STATE HOUSE STATION AUGUSTA ME 04333-0006
     FOR:STATE OF MAINE - MAINE REVENUE SERVICES   PII RTND  11/12/10