STATE OF MAINE                                 SUPERIOR COURT
CUMBERLAND, ss.                                CIVIL ACTION
                                               Docket No. CV-11-541
                                               TDW-CuM- 4/1/2013

SONYA WIEBURG,

        Plaintiff

v.                                             ORDER

LUCAS TREE EXPERT CO., INC.,                   STATE OF MAINE
                                        Cumberland. ss. Clerk's Office

        Defendants
                                               APR 01 2013

                                               RECEIVED

        Before the court is defendant Lucas Tree Expert Co.'s motion for summary

judgment seeking dismissal of all of the employment discrimination and whistleblower

claims brought by plaintiff Sonya Wieburg, a former employee of Lucas Tree who

worked there from 2003 to 2010.

        In count I of her complaint Wieburg alleges that she was terminated by Lucas

Tree on October 14, 2010 in violation of the Whistleblower Protection Act and in

retaliation for her complaints of sexual harassment and gender discrimination. In count

II of her complaint Wieburg is seeking damages for alleged sexual harassment she

experienced while working for Lucas Tree. In count III of her complaint Wieburg is

seeking damages for alleged gender discrimination by Lucas Tree.


## Summary Judgment

        Summary judgment should be granted if there is no genuine dispute as to any

material fact and the movant is entitled to judgment as a matter of law.  In considering a

motion for summary judgment, the court is required to consider only the portions of the

record referred to and the material facts set forth in the parties' Rule 56(h) statements.

E.g., Johnson v. McNeil, 2002 ME 99 ¶ 8, 800 A.2d 702. The facts must be considered in the light most favorable to the non-moving party. Id. Thus, for purposes of summary judgment, any factual disputes must be resolved against the movant. Nevertheless, when the facts offered by a party in opposition to summary judgment would not, if offered at trial, be sufficient to withstand a motion for judgment as a matter of law, summary judgment should be granted. Rodrigue v. Rodrigue, 1997 ME 99 ¶ 8, 694 A.2d 924.

Whistleblower and Retaliation Claims

Under the Whistleblowers Protection Act, 26 M.R.S. § 833(1)(B), an employer may not discharge or discriminate against an employee who makes a good faith report to the employer with respect to a condition or practice that the employee reasonably believes poses a safety risk. Violations of that provision constitute unlawful employment discrimination that may be redressed in a lawsuit under the Maine Human Rights Act. See 5 M.R.S. §§ 4572(1)(A), 4621.

Under the Maine Human Rights Act, an employer may not discriminate against an employee in retaliation for making complaints by the employee that the employee was being subjected to sexual harassment or gender discrimination. 5 M.R.S. §§ 4572(1)(E), 4633(1).

With respect to the Whistleblower charge, Lucas Tree argues that the only alleged safety report made by Wieburg occurred during an October 12, 2010 telephone call. Lucas Tree further argues that in that call Wieburg did not report a condition or practice that posed a safety risk but merely asked a hypothetical question about company policy.

2

The court does not have to decide whether that call constituted protected activity under the Whistleblowers Protection statute because it concludes that even if Lucas Tree were correct on that issue, there are disputed issues of fact on Wieburg's whistleblower and retaliation claims. First, Lucas Tree's own statement of material facts demonstrates that safety issues were raised by Wieburg at a meeting with Lucas Tree's Human Relations Department on June 9, 2010. Defendant's Statement of Material Facts (SMF) dated November 6, 2012 ¶ 5.

Wieburg has also offered evidence that practices posing safety risks were raised by Wieburg at the June 9, 2010 meeting. See Plaintiff's Statement of Additional Facts (SAMF) dated December 27, 2012 ¶ 3 (referencing deposition testimony that all the issues set forth in ¶¶ 9-12 of Wieburg's complaint were raised by Wieburg on June 9, 2010); Complaint ¶ 11 (alleging violations of safety regulations including hung-over or intoxicated employees driving vehicles and working with power lines).

Even if some of Wieburg's deposition testimony is consistent with Lucas Tree's contention that the only alleged safety report was made on October 12, 2010, the contrary evidence in the record is sufficient to generate a factual issue for trial as to whether Wieburg engaged in protected activity under the Whistleblower statute. The court also finds, on this record, that there are disputed issues for trial as to whether the stated reasons for Wieburg's later termination were pretextual and whether there was a retaliatory motive for her discharge.

In addition, Lucas Tree's arguments on count I of the complaint focus solely on whether Wieburg can proceed to trial on her whistleblower claim. Although Wieburg refers interchangeably to "whistleblower" and "retaliation" claims in her papers, a review of count I of her complaint and her arguments opposing summary judgment demonstrates that Wieburg is contending that her October 2010 discharge was not just

3

in retaliation for her reports on safety issues but was also in retaliation for her complaints about sexual harassment and gender discrimination. See Complaint ¶ 35; Plaintiff's memorandum in opposition to summary judgment dated December 27, 2012 at 5-6. The court concludes that Wieburg has raised a factual dispute for trial on her claim of employment discrimination retaliation separate and apart from her whistleblower claim.

Sexual Harassment

To prevail on her claim that Lucas Tree is liable for sexual harassment, Wieburg must show (1) that she is a member of a protected class; (2) that she was subject to unwelcome sexual harassment; (3) that the harassment was based upon sex; (4) that the harassment was sufficiently severe and pervasive so as to alter the conditions of her employment and create a hostile or abusive work environment; (5) that the sexually objectionable conduct to which she was subjected was both objective and subjectively offensive; and (6) that officials representing the employer knew or had reason to know of the harassment by her supervisors or co-workers. Watt v. Unifirst Corp., 2009 ME 47 ¶¶ 22, 25, 969 A.2d 897.

Lucas Tree argues that all of the instances of harassment to which Wieburg was allegedly subjected took place prior to June 8, 2010 and that Wieburg's sexual harassment claim is therefore time-barred.[1] Lucas Tree is correct that the three most specific instances of harassment – and the ones she was most closely questioned on at her deposition – took place prior to June 2010. However, Wieburg has offered sworn

---

[1] Pursuant to 5 M.R.S. § 4611 a complaint must be filed with the Human Rights Commission within 300 days of the alleged act of employment discrimination. Wieburg's complaint was filed with the Human Rights Commission on April 4, 2011, and Lucas Tree therefore argues that her complaint is time-barred as to any acts that took place prior to June 8, 2010.

4

evidence of harassment that goes beyond those three alleged incidents. See, e.g., Wieburg's sworn complaint to the Human Rights Commission ¶ 41.[2] More importantly, Wieburg's affidavit states that the sexual harassment at Lucas Tree continued after June 8, 2010. Wieburg Affidavit ¶¶ 5, 7.

A hostile work environment claim is not time-barred so long as the hostile work environment continues to exist within the statute of limitations period. See National R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 122 (2002). This is because, unlike individual and discrete acts of discrimination, the actionable wrong is the hostile work environment, not the individual acts that create that environment. Ledbetter v. Goodyear Tire & Rubber Co., Inc., 550 U.S. 618, 638 (2007). Wieburg has demonstrated that there is a disputed issue for trial as to whether her hostile work environment claim is time-barred.

Lucas Tree argues that a plaintiff cannot create disputed issues of fact by filing an affidavit that contradicts her deposition testimony. That rule is applicable when a deponent has given clear answers to unambiguous questions and later tries to contradict those answers in an affidavit. See Marcoux v. Parker Hannafin, 2005 ME 107 ¶ ¶ 20-22, 881 A.2d 1138. That situation is not presented in this case.[3]

---

[2] The court agrees that the references in Wieburg's statements of material facts to unsworn allegations in her complaint do not constitute admissible evidence that can demonstrate the existence of a factual dispute under Rule 56(e). However, her complaint to the Human Rights Commission was made under oath and therefore is entitled to the same effect as an affidavit.

[3] For instance, as far as the court can tell, Wieburg was not directly asked at her deposition whether she had experienced any sexual harassment after June 7, 2010 or after the Manuel Parra incident in April 2010. If she had been asked those questions and had answered in the negative, she would not be entitled to create an issue of fact by contradicting those answers in a subsequent affidavit.

5

Finally, Lucas Tree challenges whether the harassment alleged by Wieburg was sufficiently pervasive to create a hostile work environment. On this record that is clearly an issue for trial.

Gender Discrimination

Wieburg's remaining cause of action is a claim of gender discrimination. One way that Wieburg could pursue this claim would be to show that, although her employer did not explicitly discriminate on the basis of gender, Wieburg was treated differently than similarly situated men. On that issue the court agrees with Lucas Tree that she has not offered evidence that would generate a factual dispute for trial.[4]

However, another way that Wieburg could prevail on a gender discrimination claim would be to demonstrate that her discharge was directly motivated, at least in part, by her gender. The court concludes that on this record Wieburg has offered sufficient evidence to raise a factual issue for trial on that issue.

Conclusion

On a few of the issues listed above, Wieburg has not made a particularly strong showing. For example, she has not offered specifics of the harassment that she contends postdated June 8, 2010. However, the Law Court has ruled that the normal rules of summary judgment apply to employment discrimination claims and that even if one party's version of the facts appears more persuasive, summary judgment is inappropriate if the facts, construed most favorably to the party opposing summary

---

[4] Wieburg's gender discrimination contentions are interspersed with her sexual harassment claims. Most of her evidence is to the effect that her supervisor treated her differently than other foremen. She does contend that she was not offered opportunities for climbing work that could have led to increased compensation but she has not offered evidence that similarly situated men were offered such work.

6

judgment, demonstrate the existence of a factual dispute for trial. <u>Watt v. Unifirst Corp.</u>,

2009 ME 47 ¶ 35.


The entry shall be:

Defendant's motion for summary judgment is denied. The Clerk is directed to incorporate this order in the docket by reference pursuant to Rule 79(a).


Dated: March 29, 2013

Thomas D. Warren
Justice, Superior Court

7

---------------------------------------------------------------------------

01 0000000676           KLINE, ROBERT
    120 EXCHANGE STREET SUITE 207   PO BOX 7859 PORTLAND ME 04112-7859
      F    JOHN LUCAS TREE EXPERT CO INC              DEF        RTND    01/25/2012

02 0000008630 ATTORNEY:CLIFFORD, JAMES A
    ONE MONUMENT WAY, SUITE 421 PORTLAND ME 04101

      F    SONJA WIEBURG                              PL         RTND    12/13/2011