STATE OF MAINE
CUMBERLAND, ss.

SUPERIOR COURT
CIVIL ACTION
Docket No. CV-12-247
TDW CUM-3/8/2013

MICHAEL DOYLE,

Plaintiff

v.

ORDER

NICK NAPPI, et al.,

Defendants

STATE OF MAINE
Cumberland ss. Clerk's Office

MAR 08 2013

RECEIVED

Before the court is a motion for summary judgment by defendants Nick Nappi and Brent Nappi.

Summary judgment should be granted if there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. In considering a motion for summary judgment, the court is required to consider only the portions of the record referred to and the material facts set forth in the parties' Rule 56(h) statements. E.g., Johnson v. McNeil, 2002 ME 99 ¶ 8, 800 A.2d 702, 704. The facts must be considered in the light most favorable to the non-moving party. Id. Thus, for purposes of summary judgment, any factual disputes must be resolved against the movant. Nevertheless, when the facts offered by a party in opposition to summary judgment would not, if offered at trial, be sufficient to withstand a motion for judgment as a matter of law, summary judgment should be granted. Rodrigue v. Rodrigue, 1997 ME 99 ¶ 8, 694 A.2d 924, 926.

In this action plaintiff Michael Doyle is suing Nick Nappi, Brent Nappi, and Colleen Franke for malicious prosecution based on a criminal summons served on

Doyle for stalking Franke. Doyle's complaint alleges that the stalking summons was subsequently dismissed by the District Attorney.[1]

As against Nick and Brent Nappi, Doyle's claim is that Franke is "not smart enough" to come up with the idea of making a complaint about stalking on her own and that Franke was "coached " by Nick Nappi and/or Brent Nappi to make that complaint.

In support of their motion for summary judgment, Nick and Brent Nappi have stated under oath that they never instructed, forced, or insisted that Franke make a stalking complaint against Doyle and that as far as they know, Franke made a stalking complaint for her own reasons. See Nappi SMF ¶¶ 14-16. In his opposition to the motion for summary judgment, Doyle has not filed any opposing statement of material facts and the statements in the Nappis' SMF are therefore deemed admitted. M.R.Civ.P. 56(h)(4).

Doyle's opposition is based on the theory that the motion for summary judgment should not be based on affidavits and that the Nappis' credibility should be tested in court. Doyle has not offered any sworn affidavits or other evidence admissible on summary judgment to controvert the Nappis' affidavits. Moreover, all of the unsworn factual assertions in Doyle's opposition to summary judgment appear to relate to the protection from harassment proceeding as opposed to the stalking complaint.

On this record, Doyle has not controverted the Nappis' evidence that they did not instigate Franke's stalking complaint. The only basis for Doyle's claims against the

---

[1] After the stalking summons was dismissed, Franke sought and obtained a protection from harassment order against Doyle. Doyle now argues that the protection order was obtained based on false testimony and that the order is currently under appeal. Although the subsequent protection from harassment case may be relevant to whether Ms. Franke had probable cause to initiate a complaint against Doyle, which is an issue in a malicious prosecution case, see Trask v. Devlin, 2002 ME 10 ¶ 11, 788 A.2d 179, Doyle's complaint in this action is based only on the stalking summons.

2

Nappis – his statements to the effect that Franke is "not smart enough" to have made a stalking complaint on her own – constitute invective and conjecture that is insufficient to demonstrate the existence of a genuine factual dispute for trial. See Holland v. Sebunya, 2000 ME 160 ¶ 16, 759 A.2d 205.

The entry shall be:

The motion for summary judgment by defendants Nick Nappi and Brent Nappi is granted, and the complaint is dismissed as against Nick Nappi and Brent Nappi. The Clerk is directed to incorporate this order in the docket by reference pursuant to Rule 79(a).

Dated: March __8__, 2013

Thomas D. Warren
Justice, Superior Court

3

MICHAEL DOYLE VS NICK NAPPI ET AL
CASE #: PORSC-CV-2012-00247

------------------------------------------------------------------------

| SEL VD | REPRESENTATION | TYPE | DATE |
|--------|----------------|------|------|

003871 ATTORNEY: WALSH, NICHOLAS H
ADDR: 120 EXCHANGE STREET SUITE 202  PO BOX 7206 PORTLAND ME 04112-7206
   FOR: COLLEEN FRANCKE          DEF     RTND    05/31/2012

004602 ATTORNEY: CAHOON, JOSEPH L
ADDR: 465 CONGRESS STREET PO BOX 9545 PORTLAND ME 04112-9545
   FOR: NICK NAPPI             DEF     RTND    01/11/2013
   FOR: BRENT NAPPI           DEF     RTND    01/11/2013


PLTF MICHAEL DOYLE IS PRO SE.

STATE OF MAINE                                    SUPERIOR COURT
CUMBERLAND, ss.                                   CIVIL ACTION
                                                  Docket No. CV-12-247
                                                  _TDW ⟋ ⟋ -4/23/2013_

MICHAEL DOYLE,

        Plaintiff

v.                                                ORDER

NICK NAPPI, et al.,

        Defendants


Before the court is a motion for summary judgment by defendant Colleen Francke seeking dismissal of the claim brought against her by plaintiff Michael Doyle.[1]

In this action Doyle sued Nick Nappi, Brent Nappi, and Francke for malicious prosecution based on a criminal summons served on Doyle for allegedly stalking Francke. Doyle's complaint alleges that the stalking summons was subsequently dismissed by the District Attorney.[2]

In its March 8, 2013 order the court granted summary judgment dismissing Doyle's claims as against Nick and Brent Nappi. The law governing motions for summary judgment is set forth in the court's March 8, 2013 order and is incorporated here by reference.

---

[1] Francke's name is spelled "Franke" in the complaint and in various pleadings. The court will use the spelling of her name from her affidavit, which is signed "Colleen Francke."

[2] After the stalking summons was dismissed, Francke sought and obtained a protection from harassment order against Doyle. In various pleadings filed in this action and in opposition to Francke's motion for summary judgment, see page 2 below, Doyle argues that the protection order was obtained based on false testimony and that the order is currently under appeal. The subsequent protection from harassment case may be relevant to whether Francke had probable cause to initiate a stalking complaint against Doyle, but Doyle's claims against Francke are is based solely on the stalking summons.

In support of her motion for summary judgment, Francke has filed a statement of material facts setting forth evidence that when she filed a stalking complaint with the Falmouth Police Department, she had probable cause to believe to believe that Doyle had intentionally or knowingly engaged in two or more acts to observe, surveil, follow, or intimidate her with the intent of causing her to suffer serious inconvenience or emotional distress. Francke SMF ¶¶ 2, 4. See Francke Affidavit ¶¶ 2-23. If Francke had probable cause to initiate a criminal complaint against Doyle, this is fatal to Doyle's claim that Francke engaged in malicious prosecution. Trask v. Devlin, 2002 ME 10 ¶ 11, 788 A.2d 179.

In his opposition to the motion for summary judgment, Doyle has not filed any opposing statement of material facts nor any affidavits or other evidence admissible for purposes of summary judgment. See M.R.Civ.P. 56(e). The statements in Francke's SMF are therefore deemed admitted. M.R.Civ.P. 56(h)(4).

Doyle's opposition to Francke's summary judgment motion consists solely of a series of contentions that Ms. Francke and another witness committed perjury at the protection of harassment hearing held on June 25, 2012, after the stalking summons had been dismissed. See footnote 2 above. However, Doyle has not adequately controverted the evidence offered by Francke in support of her summary judgment motion. Accordingly, he has not demonstrated the existence of a factual dispute for trial on his malicious prosecution claim against Ms. Francke.

Francke has filed counterclaims against Doyle, and Doyle has never filed a reply to those counterclaims. As a result, a default has been entered against Doyle on Francke's counterclaims. The counterclaims are not affected by the instant motion.

2

The entry shall be:

The motion for summary judgment by defendant Colleen Francke is granted, and plaintiff's claims against defendant Francke are dismissed. Ms. Francke's counterclaims against plaintiff remain and shall be set for a damages hearing. The Clerk is directed to incorporate this order in the docket by reference pursuant to Rule 79(a).


Dated: April __25__, 2013


Thomas D. Warren
Justice, Superior Court

3

MICHAEL DOYLE VS NICK NAPPI ET AL
UTN:AOCSsr  -2012-0052365                    CASE #:PORSC-CV-2012-00247
-------------------------------------------------------------------------

02 0000003871              WALSH, NICHOLAS H
    120 EXCHANGE STREET SUITE 202   PO BOX 7206 PORTLAND ME 04112-7206
    F      COLLEEN FRANCKE                      DEF        RTND    05/31/2012


PLTF IS PRO SE.