2002 ME 99

**Deborah J. Ames JOHNSON**

v.

**William McNEIL Jr. et al**

**No. Kno–01–776.**

Supreme Judicial Court of Maine.

Argued: May 8, 2002.
Decided: June 21, 2002.

Randal E. Watkinson (orally), Strout & Payson, Rockland, for appellant.

Frederick M. Newcomb, III (orally), Newcomb, Reynolds & Wells, PA, Rockland, for appellees.

Panel: SAUFLEY, C.J., and CLIFFORD, RUDMAN, DANA, ALEXANDER, CALKINS, and LEVY JJ.

CLIFFORD, J.

[¶ 1] Deborah J. Ames Johnson appeals from a summary judgment entered in the Superior Court (Knox County, *Marden, J.*) in favor of William McNeil Jr. and Eric McNeil. The Superior Court concluded that Johnson could not proceed with a mortgage foreclosure action against the McNeils because the statute of limitations barred a suit on the underlying note. Because we agree with Johnson's contention that a real estate mortgagee is not precluded from foreclosing on a mortgage deed even though a separate action on the note evidencing the debt is barred, and because the undisputed facts in this case establish that Johnson is entitled to a summary judgment on her foreclosure, we vacate the judgment and remand for entry of a judgment of foreclosure in favor of Johnson.

[¶ 2] In October of 2000, pursuant to 14 M.R.S.A. §§ 6321–6325 (Supp.2001), Johnson brought a claim against Movita Horton, f/k/a Movita McNeil, William McNeil Jr., and Eric McNeil (collectively, the "McNeils"), seeking to foreclose her mortgage on a parcel located on Matinicus Is-

land.[1] The McNeils answered the complaint, pled affirmative defenses, and counterclaimed for a judgment declaring that Johnson's foreclosure claim was time barred and that Eric McNeil was the true record owner. Both parties asserted that they were entitled to a judgment as a matter of law and moved for a summary judgment.

[¶ 3] The M.R. Civ. P. 56(h) statements filed by the parties establish the following undisputed facts: In October of 1980, William McNeil and Horton purchased an interest in real estate on Matinicus Island from Johnson. As consideration for the conveyance, William and Horton executed and delivered to Johnson a promissory note in the principal amount of $1232.59, with a thirteen and one-half percent (13.5%) interest rate. The note calls for monthly installment payments of $18.75, and payment in full within ten years. No payment on the note was ever made.

[¶ 4] The note was secured by a real estate mortgage on the Matinicus Island property. The mortgage deed, which was properly recorded, was dated and acknowledged on October 31, 1980. The mortgage deed states that it secures a promissory note "bearing even date" made out for an amount equal to $1232.59.

[¶ 5] The mortgage deed's defeasance clause states in pertinent part:

Provided [n]evertheless, that if [the grantors] pay to the [grantee] the sum of [$1232.59] with interest thereon at the rate set forth in a certain promissory note of even date herewith and secured hereby, all in accordance with the provisions of said note ... then this Deed, as also one certain promissory note bearing even date with these presents, given by the [grantors] to the [grantee] to pay

1. The details of the history of this suit are more extensive than our recitation of the facts suggests, but they are not relevant to this appeal and are not elaborated upon further.

the sum and interest at the time aforesaid, shall be void, otherwise shall remain in full force.

[¶ 6] One year prior to the commencement of this suit, William McNeil transferred the mortgaged real estate to his son Eric McNeil.

[¶ 7] Based on these facts the Superior Court entered a summary judgment in favor of the McNeils, reasoning that, because the limitations period for the enforcement of the note had expired, Johnson is barred from bringing this action to foreclose the mortgage. Johnson's appeal followed the entry of the judgment.

[¶ 8] On appeal from a summary judgment, we consider only the portions of the record referred to and the material facts set forth in the Rule 56(h) statements "to determine whether 'there was no genuine issue as to any material fact and that the successful party was entitled to a judgment as a matter of law.'" *Levine v. R.B.K. Caly Corp.*, 2001 ME 77, ¶ 4, 770 A.2d 653, 655 (quoting *Handy Boat Serv., Inc. v. Prof'l Servs., Inc.*, 1998 ME 134, ¶ 16, 711 A.2d 1306, 1310). We examine these facts in the light most favorable to the nonmoving party. *Johnson v. Carleton*, 2001 ME 12, ¶ 11, 765 A.2d 571, 575.

## I.

[¶ 9] Both parties concede that an action on the note is barred by the applicable statute of limitations. *See* 11 M.R.S.A. § 3-1118(1) (1995) (six-year limitations period for actions to enforce a note payable at a definite time). Johnson, however, contends that she, as a mortgagee, may bring a civil foreclosure action pursuant to 14 M.R.S.A. §§ 6321-6325, even though an action on the note evidencing the debt that the mortgage secures is barred by the applicable statute of limitations. We agree.

[¶ 10] Maine follows the title theory of mortgages. *See First Auburn Trust Co. v. Buck*, 137 Me. 172, 173, 16 A.2d 258, 260 (1940) (the title theory of mortgages "has been the accepted doctrine in this State since it became a separate [state]"). A mortgage is "a conditional conveyance vesting the legal title in the mortgagee," with only the equity of redemption remaining in the mortgagor. *Martel v. Bearce*, 311 A.2d 540, 543 (Me.1973).

[¶ 11] "A mortgage of land, as usually drawn, is in form a deed of warranty with a condition subsequent defining the means by which the grantor may defeat the conveyance. The legal title, therefore, passes immediately upon the delivery of the mortgage; and the mortgagee is regarded as having all the rights of a grantee in fee, subject to the defeasance." *Gilman v. Wills*, 66 Me. 273, 275 (1877).

[¶ 12] In *Joy v. Adams*, 26 Me. 330, 332-33 (1846), we decided the same issue presented in this case. In *Joy*, the mortgagor gave the mortgagee a mortgage to secure three separate promissory notes. *Id.* at 332. After the death of the mortgagee, the mortgagee's executrix attempted to foreclose on the mortgage due to the debtor's default on the three notes. *Id.* The limitations period for actions on the notes had expired. *Id.* Even though the mortgagor could not be held liable in a suit on the notes, we concluded that the mortgagee's executrix could still foreclose on the mortgage by taking possession of the collateral and holding it until the debt was paid, or if the debt was not paid within the expiration of the redemption period, by keeping the property in satisfaction of the debt. *Id.* at 333.

[¶ 13] Thus, the running of the period of limitations during which the provisions of the note may be enforced does not eliminate the existence of the debt obligation

itself, nor does it abrogate the mortgage securing the debt or affect the foreclosure remedies available to the mortgagee. *Id.* *See also* NELSON & WHITMAN, REAL ESTATE FINANCE LAW § 16.11, at 572 (2002) ("[T]he running of the statute of limitations upon the mortgage debt has no effect upon the existence of or remedies upon the mortgage ... [because] the statute of limitations bars merely the remedy on the debt, not the right to collect it or the remedies on the mortgage that secures it.... Since the debt remains, the mortgage is not extinguished indirectly upon any theory that a destruction of the obligation secured necessarily destroys the mortgage securing it."). Not only has this been the law in Maine, it is consistent with the common law rule in effect in the majority of jurisdictions, even the majority of lien theory jurisdictions. *See id.* § 16.11, at 572–73 (explaining that title theory jurisdictions hold that the running of the statute of limitations upon the debt does not affect the mortgagee's remedies on the mortgage, and that the majority of lien theory jurisdictions follow the reasoning of the courts in title states).

[¶ 14] This does not mean, however, that a real estate mortgage may be foreclosed without any time limitations. Title 14 M.R.S.A. § 6104 (1980) provides a procedure for limiting the enforcement of the provisions of a mortgage by a mortgagee:

> When the record title of real estate is encumbered by an undischarged mortgage, and the mortgagor and those having his estate in the premises have been in uninterrupted possession of such real estate for 20 years after the expiration of the time limited in the mortgage for the full performance of the conditions thereof, he or they ... may apply to the Superior Court ... by complaint setting forth the facts and asking for a decree as hereinafter provided. If after notice to all persons interested as provided in

section 6107, no evidence is offered of any payment within said 20 years or of any other act within said time, in recognition of its existence as a valid mortgage, the Superior Court ... may enter a decree setting forth such facts and its findings in relation thereto .... Thereafter no action shall be brought by any person to enforce a title under said mortgage.

[¶ 15] Because Johnson filed her claim on October 30, 2000, less than twenty years from the "time limited in the mortgage for the full performance of the conditions there[in]," this action for judicial foreclosure has been timely commenced. *Id.*

## II.

[¶ 16] Johnson also contends that the undisputed facts establish that she is entitled to a summary judgment on her claim for foreclosure. In order to be entitled to a summary judgment, Johnson must establish that "there [i]s no genuine issue as to any material fact and that [she] [i]s entitled to a judgment as a matter of law." *Levine v. R.B.K. Caly Corp.*, 2001 ME 77, ¶ 4, 770 A.2d 653, 655.

[¶ 17] A plaintiff must prove the following elements in order to be entitled to a judgment of foreclosure:

(1) a breach of condition in the plaintiff's mortgage;

(2) the amount due on the mortgage, including reasonable attorney's fees and court costs; and,

(3) the order of priority and those amounts, if any, that may be due to other parties of interest.

14 M.R.S.A. 6322.

[¶ 18] The following facts are undisputed: the McNeils have never made any payments on the note secured by the mort-

gage; Johnson's mortgage is prior in time to any other liens on the mortgaged property; and, the note unambiguously requires the McNeils to pay off the principal amount with interest. Although Johnson concedes that she is not entitled to recover any deficiency from the McNeils should there be one following a sale, the amount of the unpaid debt is certain. These facts establish that Johnson is entitled to a judgment for foreclosure.

The entry is:

Judgment vacated. Remanded for the entry of a judgment of foreclosure in favor of Johnson.