STATE OF MAINE                                          SUPERIOR COURT
CUMBERLAND, ss.                                         CIVIL ACTION
                                                       Docket No. RE-05-124

RUFUS DEERING CO.,

          Plaintiff,

     v.                                    ORDER

BENJAMIN J. SPIKE, et al.,

          Defendants.


     Before the court are a motion for summary judgment by defendants Benjamin

and Corina Spike and a cross motion for partial summary judgment by plaintiff Rufus

Deering Co. (Deering). The issue presented is whether the Spikes are entitled to the

"double payment" defense in 10 M.R.S. § 3255(3) or whether Deering is entitled to

pursue its materialman's lien claim for $10,864.43 against them.

### Summary Judgment

     Summary judgment should be granted if there is no genuine dispute as to any

material fact and the movant is entitled to judgment as a matter of law. In considering a

motion for summary judgment, the court is required to consider only the portions of the

record referred to and the material facts set forth in the parties' Rule 56(h) statements.

E.g., Johnson v. McNeil, 2002 ME 99, ¶ 8, 800 A.2d 702, 704. The facts must be

considered in the light most favorable to the non-moving party. Id. Thus, for purposes

of summary judgment, any factual disputes must be resolved against the movant.

Nevertheless, when the facts offered by a party in opposition to summary judgment

would not, if offered at trial, be sufficient to withstand a motion for judgment as a

matter of law, summary judgment should be granted. Rodrigue v. Rodrigue, 1997 ME

99 ¶ 8, 694 A.2d 924, 926.

The parties have filed a stipulated record. Basically, the Spikes entered into a contract with New England Build & Design Inc. (NEBD) as general contractor for construction of a garage on the Spikes' property in Portland. Stipulated Record ¶ 1. Deering provided certain materials for this project worth $20,564.43 and has received payments totaling $9,700 from the Spikes, leaving a remaining balance of $10,864.43. Id. ¶¶ 5-8. Deering provided a notice of its materialman's lien to the Spikes on July 12, 2005. Id. ¶ 27.

Before receiving notice of Deering's materialman's lien, the Spikes had paid NEBD a total of $33,300.79 and had paid Mike Green, one of the shareholders of NEBD an additional $30,140.30. Id. ¶¶ 2, 9-12, 14-23. The Spikes began making payments to Green instead of NEBD because Rebecca Green, the other shareholder of NEBD, asked them in mid-April 2005 to make out their payments to Mike Green, citing her bank's requirement that the checks be made payable to a person rather than a corporation. Ms. Green told the Spikes to continue to put "New England Build & Design" on the subject line of the checks. Id. ¶ 13.

The contract price that had been set between NEBD and the Spikes was $69,932. Id. ¶ 4. Adding together their payments to NEBD, to Mike Green, and to Deering, the Spikes have paid a total of $73,141.09. Id. ¶ 25. Both Mike Green and NEBD have filed for bankruptcy. Id. ¶ 26. NEBD did not complete the garage project. Id. ¶ 28.

## Procedural Issues

At the outset, it is necessary to clear some procedural underbrush. Although the parties filed a stipulated record, they did not submit the case for decision on a stipulated record but instead filed cross-motions for summary judgment using the

stipulated record as their statements of material facts.[1] The distinction is potentially important because if the case had been submitted for decision on a stipulated record, the court would be entitled to determine any factual issues from the stipulated record, drawing any necessary inferences, while on a motion for summary judgment, the court is not allowed to decide any issues as to which the facts are disputed. See Boston Five Cents Savings Bank v. Secretary of HUD, 768 F.2d 5, 11-12 (1st Cir. 1985).

There is also some uncertainty as to the burden of proof on a double payment defense under 10 M.R.S. § 3255(3). Deering argues that the burden is on the Spikes, which appears to be supported by the Law Court's decision in John W. Goodwin Inc. v. Fox, 1999 ME 33 ¶ 19, 725 A.2d 541, 545. On the other hand, the Law Court's decision in Pond Cove Millwork Co. v. Steeves, 598 A.2d 1181 (Me. 1991), suggests that the burden of disproving the double payment defense is on the lien holder. See 598 A.2d at 1183 ("because the subcontractors failed to establish that there was a balance due on receipt of the notice of the lien, the lien claims must fail"). For purposes of this decision, because double payment is denominated as a "defense" under the statute, the court will assume the burden is on the Spikes.

Discussion

Title 10, Section 3255 establishes the procedure for enforcing a materialman's lien. That statute further provides in subsection 3 for a double payment defense. Specifically, 10 M.R.S. § 3255(3) provides in pertinent part as follows:

> If the labor, materials or services were not performed or furnished by a contract with the owner of the property affected, the law described in this chapter may only be

---

[1] Deering objects that the Spikes only filed the stipulated record and did not file a separate statement of material facts. This objection, if accepted, would vastly exalt form over substance. A stipulated record, by definition, is a statement of undisputed facts. The court can see no conceivable reason why the Spikes should be required to file the same statement with the words "statement of material facts" affixed thereto in order to be entitled to summary judgment.

3

enforced against the property affected to the extent of the balance due to the person with whom the owner has directly contracted to perform or furnish the labor, materials and services on which that lien claim is based. The defense established by this section shall only be available with respect to sums paid by the owner to the person with whom the owner has directly contracted where payment was made prior to commencement of an action to enforce such lien by that person performing or furnishing labor, materials or services without a contract with the owner or a written notice from the person performing or furnishing labor, materials or services without a contract . . .

In no case shall the total amount due from the owner to those performing or furnishing labor, materials or services without a contract with the owner exceed the balance due from the owner to the person with whom he has directly contracted at the time of service of process on the owner in a lien action or receipt of the written notice described above, whichever occurs first.

Deering focuses on the language stating that the double payment defense "shall only be available with respect to sums paid by the owner to the person with whom the owner has directly contracted" and argues that this disqualifies the payments made by the Spikes to Mike Green. The Spikes in turn focus on the language stating that "in no case shall the total amount due from the owner . . . exceed the balance due from the owner to the person with whom he has directly contracted" and argue that by virtue of the payments made by the Spikes to Mike Green, no balance remains due.

On the stipulated facts, in mid-April 2005 NEBD (through Rebecca Green) assigned future payments due from the Spikes to Mike Green and the Spikes made such payments. Assignments can be made orally, Restatement (Second) Contracts § 324, and the Restatement also expressly provides that when a claim adverse to an assignee subjects the obligor to a substantial risk beyond that imposed on him by his contract, the obligor will be granted such relief as is equitable in the circumstances. Id. § 339. In

4

this case, the Spikes are the obligators, Mike Green is the assignee, and the adverse claim is being made by Deering.

That still leaves the question whether payments that are assigned are entitled to credit under 10 M.R.S. § 3255(3) for purposes of the double payment defense. In the court's view, this question must be answered in the affirmative. Under the stipulated facts, the court sees no basis on which it could be argued that the Spikes, having already paid $73,141.09, owe any balance due on their $69,932 contract. Deering has not raised any disputed issues of fact as to the validity of the assignment. Moreover, the statutory language of § 3255(3) emphasizes that the amount due to the lien holder shall "in no case" exceed the balance due. As the Law Court noted in <u>Pond Cove Millwork Co. v. Steeves</u>, the Legislature's addition of subsection (3) to section 3255 in 1976 was intended to provide more protection to homeowners. 598 A.2d at 1182. That purpose can only be effectuated here by upholding the Spikes' double payment defense.

The entry shall be:

The motion by defendants Benjamin and Corina Spike for summary judgment dismissing the complaint as against them is granted. Plaintiff's motion for partial summary judgment is denied. The clerk is directed to incorporate this order in the docket by reference pursuant to Rule 79(a).

DATED:     July _25_ , 2006

_____
Thomas D. Warren
Justice, Superior Court

JENNIFER RUSH ESQ
NORMAN HANSON & DETROY
PO BOX 4600
PORTLAND ME   04112-4600

AARON BURNS ESQ
PEARCE AND DOW LLC
PO BOX 108
PORTLAND ME   04112-0108