STATE OF MAINE
CUMBERLAND, ss.

SUPERIOR COURT
CIVIL ACTION
Docket No. RE-07-50

TDW - CUM - 11/8/2007

DEUTSCHE BANK NATIONAL
TRUST CO., as Trustee,

Plaintiff,

v.

ORDER

DONALD
LAW

RICHARD MARCOTTE, et al.,

FEB 06 2008

Defendants.

Before the court in this mortgage foreclosure action is plaintiff's motion for summary judgment.

## Summary Judgment Standard

Summary judgment should be granted if there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. In considering a motion for summary judgment, the court is required to consider only the portions of the record referred to and the material facts set forth in the parties' Rule 56(h) statements. E.g., Johnson v. McNeil, 2002 ME 99, ¶ 8, 800 A.2d 702, 704. The facts must be considered in the light most favorable to the non-moving party. Id. Thus, for purposes of summary judgment, any factual disputes must be resolved against the movant. Nevertheless, when the facts offered by a party in opposition to summary judgment would not, if offered at trial, be sufficient to withstand a motion for judgment as a matter of law, summary judgment should be granted. Rodrigue v. Rodrigue, 1997 ME 99 ¶ 8, 694 A.2d 924, 926.

Discussion

In this case the court finds disputed issues of fact, including the following, which preclude summary judgment:

1. For the proposition that proper notice of the Marcottes' defendant was given, Deutsche Bank cites to paragraph 9 of the Hescott affidavit. Deutsche Bank SMF ¶ 8. Since the notices in question were allegedly sent by attorney Doonan, however, Hescott would not have had the requisite personal knowledge, nor would she approximately be able to rely on the Bank's business records.

2. Attorney Doonan eventually submitted an affidavit – after the Marcottes had filed their opposition papers – but Doomer's affidavit did not state that it was on personal knowledge, and in any event summary judgment cannot be based on evidence submitted for the first time in reply papers.[1]

3. The notices sent were addressed to 69 Elderberry Drive instead of 89 Elderberry Drive. This appears to have been corrected on the envelopes in handwriting but it is not clear whether this was done before the envelopes were mailed or whether the change was made by the postal service in attempting to deliver the envelopes, or whether the change was made after the unclaimed envelopes were returned.

4. Under 14 M.R.S. § 6111(1), which supersedes the notice requirements in the mortgage, a mortgage debt cannot be accelerated until 30 days after written notice is given. In the case of certified mail (which was apparently used in this case), notice is "given" as of the time the written receipt is signed or, if the notice is undeliverable, the date the post office last attempts to deliver it. 14 M.R.S. §

---

[1] Curiously, Doonan's reply affidavit states that the January 10, 2007 letter was mailed on January 13, 2007 whereas Hescott's affidavit states that notice was given on January 10, 2007.

6111(3)(A). In this case, the only evidence as to when the post office last attempted to deliver notice is the scrawled date of "2/3/07" on the envelope. However, this is less than 30 days from the February 28, 2007 deadline set forth in the letter.

The entry shall be:

Plaintiff's motion for summary judgment is denied. The clerk is directed to incorporate this order in the docket by reference pursuant to Rule 79(a).

DATED:    November __8__, 2007.

_____
Thomas D. Warren
Justice, Superior Court

3


**$ 00.41**
0002422975 AUG 17 20
MAILED FROM ZIP CODE 019

**Doonan, Graves, and Longoria, LLC**
100 Cummings Center, Suite 213C
Beverly, MA 01915
(978) 921-2670

*Pl.*

~~Box 287~~
~~ine~~ 04112-0287

ROBERT GUILLORY ESQ
11 LISBON STREET
LEWISTON ME 04240

*Marcottes*

land County
Box 287
ine 04112-0287

SUSAN SZWED ESQ
PO BOX 9715 PMB 815
PORTLAND ME 04104-5015

*Dyers*