STATE OF MAINE
CUMBERLAND, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-08-581
TDW -CUM- 7/9/2012

ANTHONY LEVESQUE,

      Plaintiff

v.

ORDER

CHRISTOPHER CARY, M.D., et al.,

      Defendants

STATE OF MAINE
Cumberland, ss., Clerk's Office

JUL 09 2012

RECEIVED

Before the court is a motion for summary judgment by defendants Christopher Cary and Spectrum Medical Group, P.A.[1]

1. Summary Judgment

Summary judgment should be granted if there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. In considering a motion for summary judgment, the court is required to consider only the portions of the record referred to and the material facts set forth in the parties' Rule 56(h) statements. E.g., Johnson v. McNeil, 2002 ME 99 ¶ 8, 800 A.2d 702, 704. The facts must be considered in the light most favorable to the non-moving party. Id. Thus, for purposes of summary judgment, any factual disputes must be resolved against the movant. Nevertheless, when the facts offered by a party in opposition to summary judgment would not, if offered at trial, be sufficient to withstand a motion for judgment as a

---

[1] Dr. Cary and Spectrum Medical Group are two of the three defendants in this case. The remaining defendant is Maine Medical Center, which has not moved for summary judgment.

matter of law, summary judgment should be granted. <u>Rodrigue v. Rodrigue</u>, 1997 ME 99 ¶ 8, 694 A.2d 924, 926.

2. <u>Background Facts</u>

For purposes of summary judgment, the following facts are not disputed:

Plaintiff Anthony Levesque underwent a knee replacement operation at Maine Medical Center on October 2, 2006. Defendant Christopher Cary, M.D., was the anesthesiologist during Levesque's operation and was also the anesthesiologist caring for Levesque in the Post Anesthesia Care Unit (PACU). Spectrum Medical Group is Cary's employer and is alleged to be vicariously liable for any negligence on the part of Dr. Cary.

Dr. Cary administered bupivacaine, which is widely used for post-operative pain management, to Levesque through an epidural catheter during the operation, and bupivacaine continued to be administered to Levesque during his time in the PACU. A small percentage of patients who receive bupivacaine (estimated as between one in 40 and one in 200) develop a "dense motor block," which is essentially a state of near paralysis, so the status of their motor strength needs to be monitored.

In assessing a patient's ability to move his legs, Maine Medical Center uses a rating scale from "1" to "3." A patient who can bend his knees off the bed against resistance is rated "1." A patient who can bend his knees off the bed but not against resistance is rated "2." A patient who is unable to bend his knees off the bed is rated "3." At some point during Levesque's time in the PACU he was rated "2" by Nurse Sheila Lovejoy. Dr. Cary was made aware of the weakness in Levesque's legs, and Dr. Cary subsequently evaluated Levesque, but Dr. Cary did not record any assessment of Levesque's ability to move his knees in the PACU.

2

Levesque was discharged from the PACU at approximately 12:25 pm on October 2.[2] Upon his arrival on the recovery floor, Levesque was evaluated and given a rating of "3" – meaning that he was at that time unable to bend his knees off the bed at all and was experiencing a dense motor block. The following morning he was still unable to move his legs, and the recovery unit alerted the Acute Pain Management Service (APMS), which promptly discontinued the bupivacaine.[3] By the morning of October 4, Levesque's condition remained the same; he was unable to move his legs and was essentially plegic below his hips.

Currently Levesque has no sensation in his legs.


3. Factual Disputes

At least for purposes of the instant motion, the case against Dr. Cary turns on Levesque's condition before he was discharged from the PACU. It has essentially been conceded for purposes of summary judgment that Dr. Cary was no longer responsible for Levesque's care once Levesque was transferred to the recovery floor. On the other hand, Dr. Cary himself agreed that if Levesque had been unable to lift his knees at all while he was in the PACU, it would have violated the standard of care to transfer him to the recovery floor.

As noted above, there are inconsistencies with respect to the exact chronology of events in the PACU and the recovery room. Nurse Lovejoy's assessment of Levesque's

---

[2] As discussed below, there are several inconsistencies with respect to the time entries in the hospital records, making it difficult to determine the exact chronology of events in the PACU and on the recovery floor.

[3] At least part of Levesque's claim against Maine Medical Center, independent of his claim against Dr. Cary, is based on the alleged delay by MMC's recovery unit staff in alerting APMS that Levesque was unable to move his legs and in discontinuing the administration of bupivacaine.

leg strength as "2" is reported as having taken place at 10:40 am, but Nurse Lovejoy testified that she did not think that time was correct. The hospital records also indicate that Levesque's leg strength was rated as "3" at 12:10 pm – a time which may or may not be accurate but which, if accurate, would appear have been prior to his discharge from the PACU. According to the hospital records, Levesque's transfer to the recovery floor occurred at 12:25 pm.

The alternative possibility is that the 12:10 pm time is incorrect. However, there is also testimony from one of the nurses on the recovery floor that when Levesque was rated "3" upon his arrival on that floor, his condition was the same as had been verbally reported to the recovery floor nurses by PACU staff. This evidence, and the discrepancy in times noted above, demonstrates that there is a disputed issue for trial as to whether Levesque had exhibited a dense motor block and had been unable to lift his knees before he left the PACU.

Dr. Cary nevertheless argues that summary judgment is warranted because Levesque's anesthesia expert, Dr. Kenneth Rothfield, testified that he would not consider Dr. Cary to be negligent "if [Levesque] remained a 2 throughout his PACU stay." Rothfield Dep. 82-83 (emphasis added). The problem with this argument is that, as noted above, there is a disputed issue of fact as to whether Levesque had in fact remained at "2" throughout his stay in the PACU.

Dr. Cary points out that in his testimony Dr. Rothfield attempted to reconcile the testimony and the discrepancies in the hospital records and expressed the view that he believed it was more likely that the first evaluation of Levesque's leg strength as "3" had occurred on the recovery floor. Rothfield Dep. 81. However, Dr. Rothfield is not the trier of fact in this case. While Dr. Rothfield might conclude that it is more likely that

4

Levesque first exhibited a dense motor block when he arrived on the recovery floor, his hypothesis to that effect is not binding on the plaintiff.

Moreover, for purposes of summary judgment, all inferences must be drawn in favor of the party opposing summary judgment. Even if it is considerably more likely that Levesque did not exhibit an inability to move his legs until he arrived on the recovery floor, there is sufficient evidence supporting the less likely possibility to preclude summary judgment.

In that connection it is also undisputed for purposes of summary judgment that the transfer from the PACU to the recovery floor took approximately 10 minutes, and there is testimony from Dr. Cary that it is unlikely that Levesque's condition would have deteriorated during that short period of time.

The entry shall be:

The motion for summary judgment by defendants Cary and Spectrum Medical Group is denied. The clerk is directed to incorporate this order in the docket by reference pursuant to Rule 79(a).

Dated: July 7, 2012

Thomas D. Warren
Justice, Superior Court

5

ANTHONY R LEVESQUE ET AL VS MAINE MEDICAL CENTER ET ALS
CASE #:PORSC-CV-2008-00581

----------------------------------------------------------------------------

SEL VD                          REPRESENTATION TYPE     DATE

1) 002395 ATTORNEY: SWEET, JULIAN
ADDR: 129 LISBON STREET PO BOX 961 LEWISTON ME 04243-0961
        FOR: ANTHONY R LEVESQUE           PL      RTND  10/14/2008
        FOR: DONNA LEVESQUE               PL      RTND  10/14/2008

2) 001195 ATTORNEY: LAVOIE, MARK
ADDR: 415 CONGRESS STREET PO BOX 4600 PORTLAND ME 04112-4600
        FOR:MAINE MEDICAL CENTER          DEF     RTND  12/09/2008

3) 003151 ATTORNEY: WOLF, KAREN FRINK
ADDR: 25 PEARL STREET PO BOX 4726 PORTLAND ME 04112-4726
        FOR:SPECTRUM MEDICAL GROUP        DEF     RTND  02/11/2009
        FOR:CHRISTOPHER W CARY M.D.       DEF     RTND  02/11/2009