STATE OF MAINE
CUMBERLAND, ss.

RICHARD FREUND,

Plaintiff

v.

DAVID G. NISBET, et al,

Defendants

SUPERIOR COURT
CIVIL ACTION
Docket No. CV-09-598
*TDW-CUM-4/25/2013*

ORDER

Before the court is a motion for summary judgment by plaintiff Richard Freund against defendant David Nisbet.[1]

Summary judgment should be granted if there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. In considering a motion for summary judgment, the court is required to consider only the portions of the record referred to and the material facts set forth in the parties' Rule 56(h) statements. E.g., Johnson v. McNeil, 2002 ME 99 ¶ 8, 800 A.2d 702. The facts must be considered in the light most favorable to the non-moving party. Id. Thus, for purposes of summary judgment, any factual disputes must be resolved against the movant. Nevertheless, when the facts offered by a party in opposition to summary judgment would not, if offered at trial, be sufficient to withstand a motion for judgment as a matter of law, summary judgment should be granted. Rodrigue v. Rodrigue, 1997 ME 99 ¶ 8, 694 A.2d 924.

---

[1] The other defendant, Niscorp Inc., is in bankruptcy and plaintiff's claim against Niscorp is stayed. The reason why this 2009 case is still on the docket is that a proposed settlement was reached that involved staying the case in order to work out certain details and financial arrangements. Complications ensued, but all parties continued the stay to seek settlement. When settlement ultimately fell through, neither party took the position that the parties had reached a settlement agreement that was sufficiently ironclad that it could be enforced, and the case was therefore restored to the active docket.

In this case there is no dispute that Freund advanced a total of $ 133,000 to Niscorp, Inc., a company wholly owned by Nisbet. Plaintiff's State of Material Facts (SMF) dated January 7, 2013 ¶¶ 7-8.[2] These advances were intended to constitute an investment in the company, and Freund and Nisbet had contemplated that Freund would advance a total of $ 225,000 in exchange for a 50% share in the company. Id. ¶ 9.

There is no dispute that Freund was terminated on April 14, 2009 and that on that date Niscorp acknowledged the amount owed to Freund, characterizing that as a "loan" and stating that it would be converted to a 5 year interest bearing note at 7% interest. Plaintiff's SMF ¶¶ 11-13 (admitted); April 14, 2009 email with attachment (Exhibit A to Freund Affidavit). Niscorp in fact made the first two payments to Freund as contemplated by the April 14, 2009 email. Plaintiff's SMF ¶ 19.[3]

It is also not disputed that Freund sought a personal guarantee of Niscorp's debt from Nisbet. Plaintiff's SMF ¶ 14 (admitted). On September 2, 2009 Nisbet sent an email stating:

> I did agree to and did intend to personally guarantee the Note.

Plaintiff's SMF ¶ 18; September 2, 2009 email (Exhibit B to Freund Affidavit).

Nisbet does not deny that he sent that email. He states that he was "initially" willing to provide a guaranty but that the final terms of the note and guaranty were never agreed to and that no note or guaranty was ever signed. December 30, 2009 Nisbet Affidavit ¶ 10, cited by Nisbet in denying that he guaranteed Niscorp's note payments to Freund. Nisbet SMF ¶ 18. Nisbet has also offered evidence that, had he

---

[2] Nisbet qualified his response to paragraph 8 of Plaintiff's SMF but only as to whether the amounts advanced were loans or capital contributions. Nisbet SMF dated February 7, 2013 ¶ 8.

[3] Nisbet does not dispute that the payments were made although he does dispute that Niscorp was obligated to make those payments. Nisbet SMF ¶ 19.

2

known the accurate state of Niscorp's finances at the time and Freund's involvement in Niscorp's financial condition, he would never have offered to guarantee the note to Freund. Nisbet Additional Statement of Material Facts ¶ 30, citing December 30, 2009 Nisbet Affidavit ¶ 18.

As a matter of law, the court concludes that the two emails referred to above are sufficient to satisfy the statute of frauds. The absence of a note and guaranty signed by both parties would not preclude summary judgment in this case. Moreover, the two emails and the admissions made by Nisbet to the factual assertions in Freund's statement of material facts go a long way toward establishing that Nisbet guaranteed the terms of the payment arrangement set forth in the severance agreement attached to the April 14, 2009 email and is therefore liable to Freund in light of Niscorp's default.

However, the principle that all inferences must be drawn in favor of the party opposing summary judgment mandates that Nisbet's assertion (even if implausible) that no final agreement was ever reached as to the note and guaranty is sufficient to created a disputed issue of fact for trial.


The entry shall be:

Plaintiff's motion for summary judgment is denied. The Clerk is directed to incorporate this order in the docket by reference pursuant to Rule 79(a).

Dated: April 25, 2013

_____
Thomas D. Warren
Justice, Superior Court

3

RICHARD FREUND VS DAVID G NISBET ET AL
CASE #:PORSC-CV-2009-00598

004316 ATTORNEY:FISCHER, JEREMY R
ADDR:100 MIDDLE ST PO BOX 9729 PORTLAND ME 04104-5029
  F FOR:RICHARD FREUND               PL     RTND  02/26/2010

003655 ATTORNEY:CARY, PETER
ADDR:85 EXHANGE ST 4TH FLOOR PORTLAND ME 04101-5036
  F FOR:DAVID G NISBET             DEF    RTND  01/28/2013