ENTERED FEB 1 3 2015

STATE OF MAINE
CUMBERLAND, ss.

SUPERIOR COURT
CIVIL ACTION
Docket No. CV-14-474

TDW-CUM-02-09-15

VERMONT MUTUAL
INSURANCE CO.,

Plaintiff

v.                                                    ORDER

STATE OF MAINE
Cumberland, ss, Clerk's Office

FEB 10 2015

RECEIVED

JOHN ALLEN,

Defendant

Before the court is a motion for summary judgment by plaintiff Vermont Mutual Insurance Co.

The facts are undisputed.[1] Thomas Getchell has a pending lawsuit against defendant John Allen based on allegations that Allen inflicted serious bodily injury on Getchell in an altercation on January 4, 2013.[2] Getchell's original complaint, dated July 10, 2014, asserted causes of action for negligence, negligent infliction of emotional distress, and battery. Vermont Mutual SMF ¶ 2.

Allen had a Vermont Mutual homeowner's policy at the time of the events in question, and Allen tendered his defense to Vermont Mutual, which initially agreed to provide a defense under a reservation of rights. Vermont Mutual SMF ¶¶ 3, 6.

On September 19, 2014 Getchell amended his complaint to eliminate the allegations of negligence and negligent infliction of emotional distress. Vermont Mutual SMF ¶ 7. Only a cause of action for battery remains. As amended, Getchell's complaint alleges that Allen and

---

[1] Although Allen's SMF responds with qualifications to paragraphs 5-7 of Vermont Mutual's SMF, Allen does not actually dispute the facts set forth in those paragraphs.

[2] Allen was subsequently convicted of misdemeanor assault based on the incident in question. *See* Defendant's Response to Plaintiff's SMF ¶ 7.

another individual "attacked, assaulted, viciously beat, and caused serious bodily injury to [Getchell]," that Allen's actions were "willful, intentional, and committed with actual or implied malice" and that Allen "expected or intended to inflict the injuries and damages that in fact resulted." Exhibit C to Donahue Affidavit ¶¶ 4, 6.

After the September 19, 2014 amendment to Getchell's complaint, Vermont Mutual filed the instant action seeking a declaratory judgment that it no longer has any duty to defend Allen.

## Summary Judgment

Summary judgment should be granted if there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. In considering a motion for summary judgment, the court is required to consider only the portions of the record referred to and the material facts set forth in the parties' Rule 56(h) statements. E.g., Johnson v. McNeil, 2002 ME 99 ¶ 8, 800 A.2d 702. The facts must be considered in the light most favorable to the non-moving party. Id. Thus, for purposes of summary judgment, any factual disputes must be resolved against the movant. Nevertheless, when the facts offered by a party in opposition to summary judgment would not, if offered at trial, be sufficient to withstand a motion for judgment as a matter of law, summary judgment should be granted. Rodrigue v. Rodrigue, 1997 ME 99 ¶ 8, 694 A.2d 924.

## Duty to Defend

The parties agree that the determination of whether an insurer has a duty to defend requires a comparison between the allegations of the underlying complaint with the coverage

2

provided in the insurance policy, that the duty to defend is broader than the duty to indemnify, and that an insurer must provide a defense if there is any potential that the facts ultimately proven could result in coverage. *Mitchell v. Allstate Insurance Co.,* 2011 ME 133 ¶¶ 9-10, 36 A.2d 876.

This case presents a variation from the usual situation because the plaintiff in the underlying action, Thomas Getchell, has amended his complaint in a manner that appears to be designed to avoid insurance coverage. This is confirmed by the fact that Getchell, named as a party in interest in this suit, has filed a pleading supporting Vermont Mutual's argument that Vermont Mutual has no duty to defend.

At the outset, the court agrees with Vermont Mutual that whether the insurer continues to have a duty to defend must be considered with reference to the amended complaint rather than with reference to the original complaint. *See Conway Chevrolet-Buick Inc. v. Travelers Indemnity Co.,* 136 F.3d 210, 214 (1st Cir. 1998).[3]

Looking at the language in the amended complaint, Vermont Mutual argues that the altercation that resulted in alleged harm to Getchell does not qualify as an "occurrence" under the policy and also falls directly within an express exclusion for bodily injury which is "expected or intended by the insured."

The definition of "occurrence" matters because Vermont Mutual's policy insures against liability for bodily injury caused by an "occurrence," which is defined as an "accident." *See* Homeowner's Policy Section II, Coverage E and Definitions ¶ 5. The Law Court has ruled that the determination of whether an act is accidental "depends on the unintended nature of the

---

[3] This is not a foregone conclusion. Allen points to policy language stating, "Our duty to settle or defend ends when the amount we pay for damages resulting from the 'occurrence' equals our limit of liability." Policy Section II, Coverage E ¶ 2. Allen argues that this language precludes any cessation of the duty to defend based on the amendment to Getchell's complaint.

consequences of the act, rather than the intentional nature of the act itself." *Maine Mutual Fire Insurance Co. v. Gervais*, 1998 ME 197 ¶ 9, 715 A.2d 938. Thus it would be theoretically possible for a battery to involve intentional conduct which could still qualify as accidental if Allen had intended the conduct in question but had not intended to inflict bodily injury.

This is mirrored in the Restatement's definition of battery. To be liable for battery, an actor must intend to cause a harmful or offensive contact. Restatement (Second) Torts § 13(a). However, the actor may be found liable if he intends to inflict an offensive contact and if bodily harm results even though the actor did not intend to cause bodily harm. Restatement (Second) Torts § 16(1).

Vermont Mutual also relies on an exclusion for any bodily injury which is "expected or intended" by the insured. Policy Section II – Exclusions ¶ 1(a). However, Maine cases have found that language to be ambiguous and that the "expected or intended" exclusion refers only to bodily injury "that the insured in fact subjectively wanted ('intended') to be a result of his conduct or in fact subjectively foresaw as practically certain ('expected') to be a result of his conduct." *Patrons-Oxford Mutual Insurance Co. v. Dodge*, 426 A.2d 888, 892 (Me. 1981). *Accord, Royal Insurance Co. v. Pinette*, 2000 ME 155 ¶ 8, 756 A.2d 520 ("our cases ... demonstrate that the exclusion applies only when the insured has acted with the intention or expectation that another will be harmed by the insured's intentional act"). Once again, therefore, it would be possible for Getchell to establish Allen's liability for battery even if Allen had not intended to inflict bodily injury on Getchell.

Getchell's amended complaint, however, expressly alleges that Allen's actions were intentional and that Allen "expected or intended" to inflict the resulting injuries to Getchell. If those allegations are controlling, then Allen's alleged conduct would not be accidental, would

4

not qualify as an "occurrence," and the bodily injury for which recovery is sought would have been both expected and intended. On its face, this would certainly indicate that Getchell is not alleging conduct that would have any potential to be covered by the Vermont Mutual policy.

Nevertheless, in *Mitchell v. Allstate Insurance Co.,* 2011 ME 133, 36 A.2d 876, the Law Court disregarded allegations in a complaint alleging an intentional conversion, reasoning that the plaintiff would not have to prove that a conversion had been intentional in order to prevail. 2011 ME 133 ¶ 17. Similarly, as noted above, Getchell would not have to prove in this case that Allen acted viciously and intentionally or that Allen expected or intended to injure Getchell in order to prevail on a cause of action for battery. Applying the comparison test as interpreted in *Mitchell v. Allstate,* therefore, Getchell's "expected and intended" allegations must be disregarded in determining whether Vermont Mutual continues to have a duty to defend.[4]

Vermont Mutual cites *Landry v. Leonard,* 1998 ME 241, 720 A.2d 907, and *Mutual Fire Insurance Co. v. Hancock,* 634 A.2d 1312 (Me. 1993), for the proposition that certain criminal behavior must be found as a matter of law to have been intentional. However, *Landry v. Leonard* involved armed robbery and *Hancock* involved aggravated assault and gross sexual assault through the use of compulsion. Those cases have not been extended to provide that bodily injury resulting from a misdemeanor assault is automatically excluded from coverage. Accordingly, the court concludes that Vermont Mutual has a continuing duty to defend under *Mitchell v. Allstate* even though this result may be counterintuitive given the allegations in Getchell's amended complaint.

---

[4] This also means that Getchell cannot, by adding language to his pleading, deprive Allen of the defense that Allen would be entitled to receive under his homeowner's policy.

Rule 56(c) provides that, when appropriate, summary judgment may be rendered against the moving party. In this case all the relevant facts are before the court and there is no reason not to issue a final judgment in favor of Allen.

In ruling that Vermont Mutual continues to have a duty to defend, the court emphasizes that it is not ruling that, if Getchell prevails, Vermont Mutual would have a duty to indemnify Allen. For example, if the case goes to trial and the court instructs the jury that Getchell must establish the allegations contained in paragraph 6 of Getchell's amended complaint in order to prevail, a verdict for Getchell would appear to fall within the "expected or intended" exclusion.

The entry shall be:

Plaintiff's motion for summary judgment is denied, and summary judgment is granted for defendant declaring that plaintiff continues to have a duty to defend. The clerk is directed to incorporate this order in the docket by reference pursuant to Rule 79(a).

Dated: February 9, 2015

Thomas D. Warren
Justice, Superior Court

6

JAMES POLIQUIN ESQ
NORMAN HANSON & DETROY
PO BOX 4600
PORTLAND ME 04112-4600

Plaintiffs Counsel

Portland, ME 04101

CHARLENE PHILBROOK ESQ
BEACON LAW OFFICES
49 WATERHOUSE ROAD
DAYTON ME 04005-7333

Defendants Counsel

205 Newbury Street, Ground Floor
Portland, ME 04101

THOMAS GETCHELL
PO BOX 9711
PORTLAND ME 04104-5011

Party in Interest