STATE OF MAINE
CUMBERLAND, ss.

SUPERIOR COURT
CIVIL ACTION
Docket No. CV-14-203

BETHANY DAVIS and GEORGE DAVIS,
individually and on behalf of ABIGAIL DAVIS,

STATE OF MAINE
Cumberland, ss. Clerk's Office

JUL 0 1 2015

RECEIVED

Plaintiffs

v.

NICHOLAS DAVIS, et al.,

Defendants

Before the court is a motion for summary judgment by defendants Wayne and Patricia Davis seeking dismissal of the claims brought against them by Bethany and George Davis in their individual capacities.[1]

Summary Judgment

Summary judgment should be granted if there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. In considering a motion for summary judgment, the court is required to consider only the portions of the record referred to and the material facts set forth in the parties' Rule 56(h) statements. *E.g., Johnson v. McNeil*, 2002 ME 99 ¶ 8, 800 A.2d 702. The facts must be considered in the light most favorable to the non-moving party. Id. Thus, for purposes of summary judgment, any factual disputes must be resolved against the movant. Nevertheless, when the facts offered by a party in opposition to summary judgment would not, if offered at trial, be sufficient to withstand a motion for judgment

---

[1] Since this lawsuit was filed, Bethany and George Davis have divorced and Bethany Davis now uses her maiden name. For purposes of clarity she will continue to be referred to as Bethany Davis in this order.

as a matter of law, summary judgment should be granted. *Rodrigue v. Rodrigue*, 1997 ME 99 ¶ 8, 694 A.2d 924.

Discussion

Bethany and George Davis are the parents of Abigail Davis, who according to the summary judgment record was 12 years old when her 17 year old cousin, Nicholas Davis, engaged in sexual intercourse with her on two occasions. On behalf of Abigail, Bethany and George Davis have sued Nicholas and his parents, defendants Wayne and Patricia Davis, for negligence and have sued Patricia Davis for negligent infliction of emotional distress (NIED).

The instant motion concerns the claims that Bethany and George have brought on their own behalf for negligence against Wayne and Patricia and for NIED against Patricia.

In this case there are no material disputed facts and the dispositive issue is a question of law. The sexual acts in question occurred when Abigail was staying for several nights at a vacation home rented by Patricia and Wayne. Nicholas and Abigail had sexual intercourse on the night of July 29 and again on the night of July 31, 2012. On the second occasion Nicholas's condom broke. Nicholas and Abigail then woke up Patricia around 1am. Around 8am Patricia drove Abigail home and informed Bethany that Nicholas and Abigail had had sex and the condom had broken. Defendants' SMF ¶¶ 1-2, 11, 14-16, 19 (admitted).

Bethany and George were not present when either of the two acts of sexual intercourse occurred and were not present during the aftermath of the second act of sexual intercourse until Abigail returned to their house at 8 am. They concede that there is no bystander liability in this case. *See Curtis v. Porter*, 2001 ME 158 ¶ 19 n.16 , 784 A.2d 18. However, they argue that they were nevertheless direct victims of Wayne and Patricia's conduct.

2

Specifically, Bethany and George are seeking damages against Patricia and Wayne (1) because Patricia and Wayne did not call Bethany and George as soon as they learned that Abigail had been subjected to sexual intercourse, (2) because Patricia and Wayne thereby deprived Bethany and George of the opportunity to comfort Abigail, who was distraught after the second act of sexual intercourse and the breaking of the condom, (3) because they told Abigail to take a shower thereby allegedly destroying evidence, (4) because without informing Bethany and George, Patricia called pharmacies to see if she could obtain the "morning after" pill, (5) because Patricia discussed the "morning after" pill and the possibility of using homemade abortafacients in Abigail's presence, and (6) because Patricia only told Bethany about the second act of sexual intercourse, not the first, and also told Abigail not to mention the first act of sexual intercourse. Plaintiffs' Statement of Additional Material Facts ¶¶ 1-15.

In light of *Cameron v. Pepin,* 610 A.2d 279 (Me. 1992) and *Champagne v. Mid-Maine Medical Center,* 1998 ME 87, 711 A.2d 842, the court concludes that Wayne and Patricia did not owe any duty enforceable by an action for damages to immediately notify Abigail's parents or to disclose the first act of sexual intercourse. Nor is Patricia subject to liability to Abigail's parent for calling pharmacies or for discussing homemade abortafacients in Abigail's presence.[2] To the extent that mental distress was inflicted upon Abigail by the discussion of the "morning after" pill or homemade abortafacients, recovery may only be had for Abigail's emotional distress, not that of her parents.

Bethany and George rely on several California decisions to support their claim that they are entitled to recover damages in their own right. Wayne and Patricia argue that those decisions

---

[2] To the extent that it might be argued that as parents, Bethany and George had a right to consent to any medical treatment of their daughter, it is not contended that any treatment was in fact administered before Abigail was returned home.

3

are distinguishable. To the extent that those cases are not distinguishable, they do not represent the law in Maine.

Based on the summary judgment record, the court does not doubt that Bethany and George experienced considerable emotional distress. But if the parents in *Cameron v. Pepin* could not recover, the court cannot see how Bethany and George can recover here.

The entry shall be:

The motion by defendants Wayne and Patricia Davis for summary judgment dismissing the claims brought against them by Bethany and George Davis in their individual capacities is granted. The claims brought by Bethany and George Davis on behalf of Abigail Davis remain to be tried. The clerk is directed to incorporate this order in the docket by reference pursuant to Rule 79(a).

Dated: July __/__, 2015

_____
Thomas D. Warren
Justice, Superior Court

4

CLERK OF COURTS
Cumberland County
205 Newbury Street, Ground Floor
Portland, ME 04101

BARRI BLOOM ESQ
RICHARDSON WHITMAN LARGE AND BADGER
PO BOX 9545
PORTLAND ME 04112-9545

*Defendants' Counsel*

CLERK OF COURTS
Cumberland County
205 Newbury Street, Ground Floor
Portland, ME 04101

WILLIAM MCKINLEY ESQ
TROUBH HEISLER
PO BOX 9711
PORTLAND ME 04104-5011

*Plaintiffs' Counsel*