STATE OF MAINE
CUMBERLAND, ss

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-14-094

NANCY LAMB,

      Plaintiff

v.

                         ORDER

THE BARRON CENTER,

      Defendant

STATE OF MAINE
Cumberland ss Clerk's Office

AUG 1 1 2015

RECEIVED

Plaintiff Nancy Lamb's complaint alleges that she was subjected to unlawful retaliation in violation of the Maine Whistleblowers Protection Act, 26 M.R.S. § 833(1)(B) & (E). Specifically, Lamb alleges that she was terminated as a licensed practical nurse at the Barron Center, a municipal facility providing long term services for the elderly and chronically ill in Portland, because of certain health and safety complaints that she made to her employer.

Before the court is a motion for summary judgment by the City of Portland.[1]

Summary judgment should be granted if there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. In considering a motion for summary judgment, the court is required to consider only the portions of the record referred to and the material facts set forth in the parties' Rule 56(h) statements. E.g., Johnson v. McNeil, 2002 ME 99 ¶ 8, 800 A.2d 702. The facts must be considered in the light most favorable to the non-moving party. Id. Thus, for purposes of summary judgment, any factual disputes must be resolved against the movant. Nevertheless, when the facts offered by a party in opposition to

---

[1] Although the defendant named in the complaint is the Barron Center, the City's motion states without contradiction that the Barron Center is not an independent entity but a facility operated by the City of Portland.

summary judgment would not, if offered at trial, be sufficient to withstand a motion for judgment as a matter of law, summary judgment should be granted. Rodrigue v. Rodrigue, 1997 ME 99 ¶ 8, 694 A.2d 924.

To prevail on a claim under the Whistleblower's Protection Act, an employee must show that she engaged in a protected activity under the Act, that she experienced an adverse employment action, and that a causal connection existed between the protected activity and the adverse employment action. Currie v. Industrial Security Inc., 2007 ME 12 ¶ 12, 915 A.2d 400. Lamb was a probationary employee but she nevertheless could not legally be subjected to adverse employment action because of protected activity.

At the outset the court is constrained to note that in many instances, Lamb's responses to the City's statement of material facts have not been helpful. Lamb submitted two Rule 56(h)(2) statements in opposition to defendants' motion for summary judgment. The first, entitled "Plaintiff's Opposition to Defendant's Statement of Material Facts" (hereafter "Lamb Opposition SMF"), responded to the numbered paragraphs in the City's Rule 56(h)(1) Statement. The second, entitled "Plaintiff's Statement of Material Facts," sets forth the additional facts that Lamb contends create disputed issues for trial and will be cited below as "Lamb SAMF."

In a number of instances Lamb has responded the City's SMF with denials that should really be qualifications or denials which are not remotely justified by the record. *See, e.g.,* Plaintiff's Opposition SMF ¶¶ 26, 27, 29-30, 33, 36, 58, 60.[2] In reviewing the facts that a party opposing summary judgment contends are disputed, the court is obliged to determine whether a

---

[2] By way of example, even though it appears to be undisputed that Lamb did not call a doctor or an RN when a relative reported that one of Lamb's patients had had a seizure, Lamb has responded with denials on that issue. Her real argument is that she did not need to call a doctor or RN because she checked on the patient and did not observe any seizure activity, which is at most a qualification rather than a denial. *See* Lamb Opposition SMF ¶¶ 29-30. Similarly, Lamb has denied the statement in the City's SMF that she does not agree with State minimum staffing levels even though she stated at her deposition, "I don't agree with the standards." Lamb Opposition SMF ¶ 60; Lamb Dep. 39.

2

party's denials are supported by the record, and unsupported denials are a waste of time for both the court and the litigants and are an abuse of the process.

Putting those deficiencies aside, however, the court nevertheless concludes that Lamb has raised disputed issues of fact that require the denial of summary judgment. Lamb has offered evidence that she made safety complaints relating to understaffing and with respect to the involvement of certain student nurses. Although she has not offered any evidence that the Barron Center ever fell below the state mandated staffing levels, Lamb's complaints nevertheless could be found to constitute protected activity.

The City has offered evidence that there were legitimate, non-retaliatory reasons for Lamb's termination, primarily set forth in a termination notice dated February 15, 2013 (McKeough Dep. Ex. 3). However, considered in the light most favorable to Lamb as the party opposing summary judgment, Lamb has offered sufficient evidence to dispute the reasons given by her supervisors to create an issue for trial as to whether the reasons advanced for her termination were pretextual.

Specifically, although she acknowledges that she left her medication cart unlocked on several occasions, she has offered evidence that this was not an infrequent occurrence among nursing staff at the Barron Center, and she disputes that she left her cart unlocked after she received warnings on the subject in December 2012. Lamb Opposition SMF ¶ 21, citing to Sullivan Affidavit ¶ 3; Lamb Affidavit ¶ 9. With respect to another issue referred to in her termination notice, Lamb disputes that she violated nursing protocol during her evening shift on February 11, 2013 with respect to a patient subject to seizures. Lamb Dep. 32-33. Lamb similarly challenges as unfounded alleged deficiencies with respect to her patient documentation, with

3

respect to her completion of rounds, and with respect to her alleged failure to report and monitor a patient who was running a high temperature. Lamb SAMF ¶¶ 46, 48, 50.

Whether or not Lamb will ultimately prevail before a jury with respect to the factual disputes she has raised, she has offered sufficient evidence to generate a factual dispute for trial on these issues. Moreover, if Lamb can persuade a jury that the reasons offered for her termination were pretextual, that may allow the inference that she was terminated because of her safety complaints.

The entry shall be:

Defendant's motion for summary judgment is denied. The clerk is directed to incorporate this order in the docket by reference pursuant to Rule 79(a).

Dated: August 10, 2015

Thomas D. Warren
Justice, Superior Court

4

GUY LORANGER ESQ
ONE GRANNY SMITH COURT
SUITE 3
OLD ORCHARD BEACH ME 04064




DANIELLE WEST-CHUHTA ESQ
JENNIFER THOMPSON ESQ
389 CONGRESS ST
ROOM 211
PORTLAND ME 04101