STATE OF MAINE
CUMBERLAND, ss.

STATE OF MAINE
Cumberland, ss, Clerk's Office

FEB 16 2018

RECEIVED

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-15-20

TIMOTHY BARK,

       Plaintiff

v.

                             ORDER

ADVANCEPIERRE FOODS INC.,

       Defendant

Before the court is a motion by defendant AdvancePierre Foods for summary judgment.

Summary judgment should be granted if there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. In considering a motion for summary judgment, the court is required to consider only the portions of the record referred to and the material facts set forth in the parties' Rule 56(h) statements. *E.g., Johnson v. McNeil*, 2002 ME 99 ¶ 8, 800 A.2d 702. The facts must be considered in the light most favorable to the non-moving party. Id. Thus, for purposes of summary judgment, any factual disputes must be resolved against the movant. Nevertheless, when the facts offered by a party in opposition to summary judgment would not, if offered at trial, be sufficient to withstand a motion for judgment as a matter of law, summary judgment should be granted. *Rodrigue v. Rodrigue*, 1997 ME 99 ¶ 8, 694 A.2d 924.

Plaintiff Timothy Bark alleges that he was denied a promotion by AdvancePierre because he had assisted his wife (also an AdvancePierre employee) in a previous case that his wife brought against AdvancePierre alleging a hostile work environment. There is evidence in the record that Bark was deposed and offered helpful evidence in support of his wife in January 2013 and that in February 2013 his wife's case settled.

In June 2013 Bark applied for a vacant supervisor's position. Although his current supervisor recommended him for the position, the decision was made at a higher level not to offer Bark the position for reasons which AdvancePierre contends were unrelated to Bark's participation in his wife's case.

The Maine Human Rights Act makes it unlawful to "discriminate against any individual because that individual has opposed any act or practice that is unlawful under this Act or because that individual made a charge, testified, assisted, or participated in any manner" in a proceeding under the Act. 5 M.R.S. § 4633(1).

AdvancePierre contends that Bark has not demonstrated that there is a genuine issue for trial on the issue of whether the denial of Bark's application for a promotion was motivated by Bark's participation in his wife's case. However, the court concludes that – considering the evidence in the light most favorable to the party opposing summary judgment – Bark has offered sufficient evidence to demonstrate that there is a genuine factual dispute for trial on the issue of causation. *See Cormier v. Genesis Healthcare LLC,* 2015 ME 161 ¶¶ 20-21; *Brady v. Cumberland County,* 2015 ME 143 ¶ 21.[1]

Specifically there is a genuine factual dispute concerning a statement allegedly made by Bark's supervisor when he told Bark that he would not get the promotion – that the corporate department had told the supervisor that Bark would never be a supervisor at AdvancePierre and Bark would know why. There is a dispute as to whether this statement was made and whether it referred to Bark's prior involvement in his wife's lawsuit, but that is an issue for trial.

There is also a genuine dispute for trial as to whether a prior disciplinary write-up in Bark's file was a disqualifying factor for the promotion. There is evidence that disciplinary

---

[1] AdvancePierre filed its motion for summary judgment in this case before the Law Court issued its decisions in *Brady* and *Cormier.*

2

write-ups would prevent promotions for 90 days but that Bark's application for a promotion here fell outside the 90 day window.


The entry shall be:

Defendant's motion for summary judgment is denied. The clerk is directed to incorporate this order in the docket by reference pursuant to Rule 79(a).


Dated: February 16, 2016

Thomas D. Warren
Justice, Superior Court