STATE OF MAINE
CUMBERLAND, ss

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-16-93

JEFFREY SMITH,

        Plaintiff

v.

UNION TOOLS INC., et al.,

        Defendants

ORDER

STATE OF MAINE
Cumbe... Clerk's Office

Nov 17 2017

RECEIVED

Before the court is a motion for summary judgment by defendants UnionTools Inc. and the Ames Companies Inc. (collectively "UnionTools").

Summary judgment should be granted if there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. In considering a motion for summary judgment, the court is required to consider only the portions of the record referred to and the material facts set forth in the parties' Rule 56(h) statements. *E.g., Johnson v. McNeil*, 2002 ME 99 ¶ 8, 800 A.2d 702. The facts must be considered in the light most favorable to the non-moving party. *Id.* Thus, for purposes of summary judgment, any factual disputes must be resolved against the movant. Nevertheless, when the facts offered by a party in opposition to summary judgment would not, if offered at trial, be sufficient to withstand a motion for judgment as a matter of law, summary judgment should be granted. *Rodrigue v. Rodrigue*, 1997 ME 99 ¶ 8, 694 A.2d 924.

In this case summary judgment turns on whether plaintiff Jeffrey Smith has controverted the factual assertions in the statement of materials fact submitted by UnionTools by offering expert opinions that were not previously designated and should therefore be disregarded.

Smith's complaint alleges that he was injured "by a defective wheel barrel" [sic] manufactured by UnionTools. Complaint ¶¶ 1-2. It is now understood that "wheel barrel" should have read "wheelbarrow," but the term "wheel barrel" is repeated throughout the complaint. Id. ¶¶ 1-3, 7, 9-10, 12, 16-21, 23-25, 27-28, 30, 34-39, 41-43. Only one paragraph in the complaint

contains an allegation as to how Smith was injured, and that merely states that the "wheel barrel wheel" exploded while Smith was inflating the tire. Id. ¶ 3.

At his deposition on July 7, 2016 Smith testified that he had removed the wheel from the wheelbarrow to replace a flat tire. After he had put a new tire on the wheel, he was in the process of inflating the new tire "when the tire just blew up. It just exploded like there was a stick of dynamite in it." Smith Dep. 72 (emphasis added). Smith further testified that immediately afterward, the wheel separated and half of the wheel struck his right hand and seriously injured two of his fingers. Smith Dep. 75-76.

In August 2016, subsequent to Smith's deposition, counsel for Smith provided a second amended designation of expert witnesses. In addition to medical providers, counsel for Smith designated Patrick Chevalier to offer opinions that the welding of the wheel was defective and should not have come apart.[1] Chevalier's designation did not state that the improper welds were the cause of the separation of the wheel that caused Smith's injuries.

The summary judgment motion by UnionTools relied on Smith's testimony that the tire blew up and the absence of any designated opinion as to causation from Chevalier, particularly the absence of any opinion tying the explosion of the replacement tire (not manufactured by or purchased from defendants) to Smith's injuries. In response, Smith asserted that he is actually alleging that it was the wheel, not the tire, that failed. Smith also submitted an affidavit from Chevalier that repeated his prior criticisms of the welding and added the following opinions: (1) the improper welds failed to adequately join the two halves of the wheel and that failure caused the separation of the wheel that caused injury to Smith; (2) properly welded wheels would not separate at normal and expected pressures; and (3) the tire would explode long before the air pressure would have been great enough to cause a separation of the wheel if the wheel had been properly welded. November 10, 2016 Chevalier Affidavit ¶¶ 3-5.

---

[1] With respect to plaintiff's expert designations, the record contains only the second amended designation from August 2016 and does not reveal what may have been disclosed about Chevalier's anticipated testimony in any prior designation.

2

UnionTools argues that the Chevalier affidavit offers new opinions that were not properly designated and should therefore be disregarded. *See Estate of Smith v. Salvesen*, 2016 ME 100 ¶¶ 15-16, 143 A.3d 780. The court agrees that the Chevalier affidavit offers new opinions and significantly elaborates on Chevalier's existing opinions. However, even if the Chevalier affidavit were to be disregarded, the court concludes that there is sufficient evidence in the record to generate a disputed issue for trial as to causation.

Although he testified that the "tire" blew up, Smith testified at his deposition that the injury to his hand was caused by the half of the <u>wheel</u> that separated while he was inflating the new tire. Given the proposed opinion in Chevalier's expert designation – repeated in his affidavit – that the welding was defective and the wheel should not have come apart, a jury would be entitled to infer that the defective weld caused Smith's injuries. This follows from the rule that on a motion for summary judgment, all inferences should be drawn in favor of the party opposing summary judgment.

At the same time, the court recognizes that Smith's testimony that 'the tire just blew up" may have misled UnionTools as to the alleged mechanism of injury and that Chevalier's affidavit significantly expands on his prior designation and offers new opinions. Counsel for UnionTools chose not to depose Chevalier, apparently in reliance on Smith's testimony, on Chevalier's August 2016 designation, and on the absence of any express causations opinion. If UnionTools now wishes to reopen discovery in order to depose Chevalier and/or to supplement its own expert designations or if UnionTools seeks other relief, counsel shall promptly request a Rule 26(g) conference.

The entry shall be:

1. Defendants' motion for summary judgment is denied.

2. If defendants seek to reopen discovery or other relief in light of the new information provided in Chevalier's affidavit, a Rule 26(g) conference shall be promptly scheduled.

3. The clerk is directed to incorporate this order in the docket by reference pursuant to Rule 79(a).

3

Dated: March 17, 2017

Thomas D. Warren
Justice, Superior Court

4